424 F.2d 296
 In the Matter of CARNELL CONSTRUCTION CORP., a corporation of the State of New York, authorized to do business in the State of New Jersey, Frank Ambrosio, and Joseph Catalanotti, a/k/a Joseph Conti, Debtors,
James E. Masterson, Receiver-Appellant,
Valley National Bank of Long Island, Appellee.
 No. 18032.
 United States Court of Appeals, Third Circuit.
 Argued December 19, 1969.
 Decided April 10, 1970.
 
 Jack L. Cohen, Newark, N. J., for appellant.
 Bernard Jeffrey, Mullooly, Jeffrey & Rooney, Garden City, N. Y., for appellee.
 Before McLAUGHLIN, FREEDMAN and ADAMS, Circuit Judges.
 OPINION OF THE COURT
 GERALD McLAUGHLIN, Circuit Judge.
 
 
 1
 This is an appeal by the Receiver from an order of the United States District Court for the District of New Jersey holding that the Bankruptcy Court did not have jurisdiction over the matter now before us.
 
 
 2
 In May 1967, the debtor, Carnell Construction Corp., a New York corporation, filed in the New Jersey District for a Chapter XI arraignment with its creditors. At the time of filing, appellee Valley National Bank of Long Island, New York, held a security interest in two automobiles owned by and in the possession of said debtor. The Bank subsequently filed a proof of claim with the Bankruptcy Court, asserting that there was a balance due it from the debtor on the automobiles totalling $5,628.67. In addition to that automobile financing, and also prior to the filing of the Chapter XI proceeding, Carnell had owed Valley National Bank $85,000 on an outstanding loan and the Bank had applied the amount of that loan in payment thereof from Carnell's deposit with it. Thereafter, in the New Jersey District bankruptcy, the Receiver, alleging the Bank had no right to use the $85,000 to satisfy its loan to Carnell, sought a turnover order to compel the Bank to turn over to him the said sum of $85,000. The Bank entered a special appearance urging that the Bankruptcy Court lacked both in personam and subject matter jurisdiction. The Referee concluded that such jurisdiction existed. The Bank brought the issue to the District Court by petition for review. That tribunal held that the Bankruptcy Court had no jurisdiction over the admittedly unrelated claim of the Receiver and reversed the conclusion of the Bankruptcy Court. As stated the Receiver appeals from that ruling.
 
 
 3
 The issue before us is simply whether — because of the Bank's filing of a proof of claim concerning its security interests in the two automobiles it had financed for the debtor — the Bankruptcy Court has summary jurisdiction to determine the Receiver's completely unrelated claim to the $85,000. Appellant does not contest the District Court's conclusion that "The $85,000 matter had nothing whatsoever to do with the Bank's $5,628.67 claim (arising from the automobile financing transaction.)" In the Matter of Carnell Construction Corp. No. B-789-67 (D.N. J., May 13, 1969).
 
 
 4
 Appellant's main argument is that the court below, in effect, misconstrued Katchen v. Landy, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), and that in Katchen the Supreme Court has already decided the problem now before us adversely to appellee. We disagree.
 
 
 5
 Katchen stands for the proposition that a bankruptcy court has summary jurisdiction to affirmatively order a claimant to surrender voidable preferences. The Bank was of course subject to a proper counterclaim by the Receiver. Alexander v. Hillman, 296 U. S. 222, 56 S.Ct. 204, 80 L.Ed. 192 (1935). Further, Katchen has made it clear that where bankruptcy jurisdiction is indicated, a claimant's jury trial right (which might obtain in a plenary proceeding) is subordinated to the statutory scheme of the Bankruptcy Court and its summary jurisdiction. Hence, the warning in Gill v. Phillips, 337 F.2d 258, 262 (5 Cir. 1964) that "* * * consent to summary jurisdiction is not to be lightly inferred" is sound. As the court wrote in In Re Beasley-Gilberts, Inc., 285 F.Supp. 359, 361 (S.D.Ohio, 1968):
 
 
 6
 "It is settled that a creditor who proves a claim submits himself to the summary jurisdiction of the Bankruptcy Court in respect of preferences or voidable transfers, including the jurisdiction of the Bankruptcy Court to enter a monetary judgment or order a return. Katchen v. Landy, supra. It also appears to be fairly well settled that a creditor who files his claim in the Bankruptcy Court impliedly consents to be sued on counterclaims arising out of the same transaction, but that such a filing does not constitute implied consent to be sued on an alleged cause of action arising out of a different subject matter."
 
 
 7
 Examination of the background of Katchen completely affirms the District Court's conclusion that Katchen did not alter the law as to a Bankruptcy Court's summary jurisdiction over counterclaims not related to the creditor's claim. In the Court of Appeals, Katchen v. Landy, 336 F.2d 535 (10 Cir. 1964), four counterclaims were involved, three concerning voidable preferences, and one unrelated counterclaim grounded on an allegation that the claimant owed the bankrupt corporation money on unpaid subscribed organization stock. The Court of Appeals affirmed the finding of jurisdiction over the related counterclaims, but reversed as to the unrelated counterclaim. The sole question before the Supreme Court dealt with the question as to the related counterclaims over which the determination of jurisdiction had been affirmed by the Court of Appeals. And it was this holding that the Court affirmed. In fact, the Court noted that several Courts of Appeals, including this Court (citing in re Solar Mfg. Corp., 200 F.2d 327 (3 Cir. 1952), cert. denied sub nom. Marine Midland Trust Co. v. McGirl, 345 U.S. 940, 73 S.Ct. 831, 97 L.Ed. 1366), "* * * have stated that * * * (a bankruptcy's court summary) jurisdiction does not extend to permissive counterclaims arising out of distinct transactions."
 
 
 8
 It is clear then that the court below was correct in ruling that our previous decision in Solar, supra, controls this case, and that in this Circuit a Bankruptcy Court does not have jurisdiction over a counterclaim interposed by a Receiver which is unrelated to the creditor's claims. Since, as we mentioned, it is not disputed that the Receiver's "counterclaim' for the $85,000 is unconnected to the Bank's proof of claims concerning its security in the automobiles, Solar is dispositive.
 
 
 9
 In addition to the above outlined cogent reason for upholding the order of the District Court it is obvious that the Bank's set-off of Carnell's deposit to the amount of Carnell's indebtedness to the Bank was not a preference since under Section 68 of the Bankruptcy Act as construed by the decisional law the Bank had the right to make the set-off. See 4 Collier on Bankruptcy, § 68.16(2) (4th ed. 1969).
 
 
 10
 The order of the District Court will be affirmed.