**Mary Higbee HECK and Caroline Higbee Goodbar, Plaintiffs-Appellants,**

v.

**Elizabeth RODGERS et al., Defendants-Appellees.**

No. 71–1275.

United States Court of Appeals, Seventh Circuit.

March 7, 1972.

Rehearing Denied April 13, 1972.

James A. Dunkin, George B. Beall, Baker & McKenzie, Chicago, Ill., for plaintiffs-appellants.

William T. Kirby, James T. Griffin, Albert J. Horrell, Hubachek, Kelly, Rauch & Kirby, Chicago, Ill., for defendants-appellees.

Before CASTLE, Senior Circuit Judge, KILEY, Circuit Judge, and GRANT, District Judge.[1]

CASTLE, Senior Circuit Judge.

The plaintiffs-appellants, Mary Higbee Heck and Caroline Higbee Goodbar, citizens of Massachusetts and Iowa, respectively, brought this diversity action in the District Court seeking to recover the sum of $267,500 from the defendants-appellees. Examination of the plaintiffs' complaint discloses that this sum is claimed to represent the fair market value of 181 cemetery lots allegedly owned by the plaintiffs and which were rendered unsuitable for burial purposes by acts of certain of the defendants-appellees. The liability of the other defendant-appellee, Elmwood Cemetery Company,[2] is asserted on the basis of an allegation that a lien in plaintiffs' favor exists on the property and assets of that corporation which it acquired from another corporation which was the owner and operator of the cemetery involved at the time of the acts of which plaintiffs complain.

In these respects the plaintiffs' complaint alleges, in substance, that in February 1951 the plaintiffs received deeds from Elmwood Cemetery Company to the cemetery lots here involved which entitled them to interment and sepulture therein, and under the applicable rules and regulations to sell or assign such rights to others with the consent of the corporation; that on April 7, 1964, Elmwood Cemetery Company, by defendants Elizabeth Rodgers and Louise Gordon, its vice-president and secretary, respectively, quit-claimed and conveyed the north portion of the cemetery in which the lots involved are located to the defendant Pioneer Trust & Savings Bank in trust; that such conveyance was authorized by defendants Alphonse Carda-

---

1. Chief District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

2. This defendant is not the Elmwood Cemetery Company which was organized in 1895 under the Illinois Corporation Act of 1872, and owned and operated the Elmwood Cemetery until in March 1965 when that corporation was dissolved after hav-ing changed its corporate name to MHM Corporation in August 1964. The defendant is a corporation organized in July 1964 under the Illinois Business Corporation Act as "River Grove Cemetery Company", and which after acquiring the business and property of the former Elmwood Cemetery Company changed its corporate name to Elmwood Cemetery Company.

mone, Marvin Miner, Andrew Kasha, Honora Harris and Louise Gordon, as members of the board of directors of the corporation; and that subsequently the trustee re-sold the property for commercial and residential development, and a shopping center and complex of apartment buildings was constructed thereon, which improvements fully occupy the plaintiffs' lots and render them wholly unsuitable for burial purposes. It is further alleged that the sale and development of the north portion of the cemetery was without the consent of the plaintiffs, violated their rights under the deeds to cemetery lots issued to them, and that the proceeds of the sale was distributed to the shareholders of Elmwood Cemetery Company without making compensation to the plaintiffs for their rights under the cemetery lot deeds. It is also alleged that after first changing its name to MHM Corporation, and then transferring its remaining business and properties to River Grove Cemetery Company, Elmwood Cemetery Company was dissolved in March 1965. After Elmwood Cemetery Company changed its corporate name to MHM Corporation, River Grove Cemetery Company changed its corporate name to Elmwood Cemetery Company. It is this latter corporation, which was organized in July 1964, which is named as a defendant. Plaintiffs allege that the property and assets this latter corporation acquired from the former Elmwood Cemetery Company is subject to a lien in plaintiffs' favor.

Amended answers filed by the defendants[3] denied that plaintiffs owned the lots in question; alleged, in substance, that plaintiffs' claim of ownership is without validity as to the defendants because it is derived from and has its origin in deeds to the lots issued in 1930 by officers of Elmwood Cemetery Company to plaintiffs' parents, George G. Higbee and Mrs. George G. Higbee, as a property dividend to shareholders of the corporation, when in fact neither of said persons was a shareholder of the corporation entitled to such a dividend; and asserted that plaintiffs' action is barred by Ill.Rev.Stat.1969, ch. 32, § 157.94.[4]

With respect to the factual allegations made in defendants' amended answers concerning plaintiffs' claim of ownership and concerning the issuance of the 1930 deeds to the cemetery lots to plaintiffs' parents, the plaintiffs in the reply they filed denied only that the 1930 deeds to their parents were issued "on the erroneous assumption that they were shareholders of said corporation".[5]

A motion for summary judgment was filed by each group of defendants. It was supported by an affidavit executed

3. The defendants Alphonse Cardamone, Andrew Kasha and Elmwood Cemetery Company joined in filing an answer, amended answer, motion for summary judgment, and supplementary motion for summary judgment. The defendants Elizabeth Rodgers, Louise Gordon, Marvin Miner and Honora Harris joined in filing an answer, amended answer, motion for summary judgment, and supplementary motion for summary judgment.

4. With respect to defendants Cardamone, Kasha and Elmwood Cemetery Company this defense was asserted only in their supplementary motion for summary judgment. The statute cited provides in pertinent part:
   "The dissolution of a corporation . . . shall not take away or impair any remedy available to or against such corporation, its directors, or share-

holders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution . . . .".

5. The reply did seek to interpose the Illinois 5 year statute of limitations (Ill. Rev.Stat.1969, ch. 83, § 16) and the 2 year bar of Sec. 94 of the Illinois Business Corporation Act (Ill.Rev.Stat.1969, ch. 32, § 157.94) as constituting bars to the defense asserted by defendants' amended answers based on invalidity of the 1930 deeds issued to plaintiffs' parents. Likewise, these same statutory sections were relied upon by plaintiffs in support of a motion, which the court denied, to strike from defendants' amended answers the allegations relating to the 1930 deeds issued to plaintiffs' parents.

by the executive vice-president and general manager of Elmwood Cemetery Company, the custodian of the corporate records of the dissolved Elmwood Cemetery Company, who also had been the Secretary of the dissolved corporation from 1942 to June 1963. The affidavit incorporates the July 1, 1930 resolution of Elmwood Cemetery Company which declares a dividend from capital to stockholders of record August 15, 1930,

". . . of that portion of the company's property, being the exclusive right of interment, in lots shown on blueprint to be incorporated in the minutes of this meeting and made a part thereof, . . . ."

and which authorizes the issuance of deeds to such shareholders, or their assigns, as their respective interests may appear. The affidavit further states that neither George G. Higbee nor Mrs. George G. Higbee was owner of any of the capital stock of Elmwood Cemetery Company, an Illinois corporation, on August 15, 1930.

The plaintiffs filed no opposing counter-affidavit.

The District Court granted each of the motions for summary judgment. It also granted a supplementary motion for summary judgment filed by each group of defendants and grounded on the bar of Ill.Rev.Stat.1969, ch. 32, § 157.94. Judgment for the defendants was entered accordingly, and the plaintiffs appealed.

On appeal the plaintiffs point to the denial in their reply that the 1930 deeds were issued by Elmwood Cemetery Company on an "erroneous assumption" that plaintiffs' parents were shareholders of the corporation, and to plaintiffs' plea therein interposing the 5 year statute of limitations and the 2 year filing period prescribed by § 157.94 as a condition precedent to an action against a dissolved corporation, its directors or shareholders as bars to the 1970 defense asserted by defendants which is grounded on invalidity of the 1930 deeds. On the bases of these two factors the plaintiffs contend that the District Court erred in granting the defendants' motion for summary judgment because (1) the pleadings and the affidavit before the court for consideration left a genuine issue as to a material fact for resolution, *i.e.,* either whether the 1930 deeds to plaintiffs' parents were issued properly under the property dividend resolution, or whether they were transactions unrelated to that resolution and therefore the authority for their issuance not dependent on the resolution; and (2) the defendants' assault on the validity of the 1930 deeds in this 1969 action brought by the plaintiffs is barred by limitations.

■ From our examination of the record and appraisal of the applicable law we conclude that neither of these two contentions possesses merit. Plaintiffs in their reply to defendants' amended answers did not deny that their claim to ownership of the cemetery lots or burial rights involved was derived through the 1930 deeds to their parents; they did not deny that neither of their parents was a shareholder of the corporation; nor did they deny that the 1930 deeds were issued pursuant to the property dividend resolution. Thus with respect to defendants' allegations concerning the derivation of plaintiffs' claim of ownership and concerning the issuance of the 1930 deeds to plaintiffs' parents, the plaintiffs' singular and conclusory denial that the deeds were issued on an "erroneous assumption" that plaintiffs' parents were shareholders was not responsive. Rule 56 of the Federal Rules of Civil Procedure, which relates to summary judgment, contains the following provision:

". . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

And the Rule further provides:

". . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

There is nothing contained in the Rule which required the defendants to support their undenied allegations by affidavit. And in the face of the undenied factual allegations contained in the defendants' amended answers, coupled with the content of the supporting affidavit which served to pierce the allegations of the plaintiffs' complaint, the sole conclusory and unresponsive denial made by plaintiffs in reply did not serve to raise a genuine issue as to a material fact. And plaintiffs filed no opposing affidavit. They made no attempt to set forth specific facts which would demonstrate that there was a genuine issue for trial. There is no foundation in this record which would support the existence of the alternative factual issues which plaintiffs, in their contentions on appeal, seek to characterize as a genuine issue of material fact for trial. And the intangible speculation in which the plaintiffs indulge is no basis for a conclusion that summary judgment is precluded by the existence of a fact issue. United States v. Mt. Vernon Milling Company, 7 Cir., 345 F.2d 404, 407.

▆▆▆ We turn to consideration of the plaintiffs' contention that the defendants are precluded by the 5 year statute of limitations (Ill.Rev.Stat.1969, ch. 83, § 16) from asserting the invalidity of plaintiffs' claim of ownership of interment rights in the lots as a defense to plaintiffs' action.[6] What plaintiffs urge is, in effect, that inasmuch as their claim to such rights is derived through deeds to the cemetery lots issued in 1930, the defendants, because of the intervening time period, may not now defend against plaintiffs' 1969 action on the basis that the plaintiffs' claim of ownership under such deeds is invalid. The plaintiffs argue that this is so because whatever rights of action may have accrued in 1930 in favor of the Elmwood Cemetery Company, or to the defendant officers or directors of that corporation, on account of an unauthorized issuance of the 1930 deeds is, and has been long since, barred by the 5 year statute of limitations.

But plaintiffs' argument that any cause of action arising out of the unauthorized issuance of the 1930 cemetery lot deeds is now time-barred is wholly inapposite here since the defendants are not seeking affirmative relief from or on account of the 1930 transaction but are asserting the invalidity of the transaction and plaintiffs' consequent lack of ownership only as a defense to plaintiffs' action for recovery from defendants. Moreover, the defense asserted relates to the very transaction upon which plaintiffs rely to establish their derivative ownership of the interment rights they claim—the issuance of the 1930 deeds to plaintiffs' parents—a transaction not only connected with plaintiffs' claim but the transaction upon which ownership, a vital element of that claim, is dependent. It is a widely accepted rule that pure defenses are generally not subject to a statute of limitations. 53 C.J.S. Limitations of Actions § 104; 51 Am.Jur.2d, Limitations of Actions, Sec. 76. The observation made in United States v. Western Pacific R. R., 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126, is equally appropriate here. The Supreme Court there pointed

---

6. Plaintiffs also pleaded Sec. 94 of the Illinois Business Corporation Act (Ill.Rev. Stat.1969, ch. 32, § 157.94) as an alternative bar to the lack of ownership defense asserted in the defendants' amended answers, but on appeal the plaintiffs do not refer to § 157.94 in this connection.

out (352 U.S. 59 at p. 72, 77 S.Ct. 161 at p. 169):

" . . . [T]he basic policy behind statutes of limitations has no relevance to the situation here. The purpose of such statutes is to keep stale litigation out of the courts. They are aimed at lawsuits, not the consideration of particular issues in lawsuits. Here the action was already in court and held to have been brought in time. To use the statute of limitations to cut off the consideration of a particular defense in the case is quite foreign to the policy of preventing the commencement of stale litigation. We think it would be incongruous to hold that once a lawsuit is properly before the court, decision must be made without consideration of all the issues in the case and without the benefit of all the applicable law. If this litigation is not stale, then no issue in it can be deemed stale."

We are aware of no Illinois decision which rejects the rule that defenses are not barred by statutes of limitations, and counsel have pointed to none.

We conclude that the District Court did not err in granting the defendants' motion for summary judgment. In view of this conclusion we find it unnecessary to consider the court's similar ruling with respect to the supplementary motions for summary judgment in which the defendants asserted Section 94 of the Illinois Business Corporation Act (Ill.Rev.Stat.1969, ch. 32, § 157.94) as a bar to the maintenance of plaintiffs' action.

We have considered additional and subsidiary contentions advanced by plaintiffs in support of their position, together with the decisional and other authorities tendered in support of such contentions. We are of the view, however, that those contentions do not merit that we extend this opinion to include a discussion thereof.

The judgment order of the District Court is affirmed.

Affirmed.