**In re Joseph A. AUDINO, Debtor.**

**GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff,**

v.

**Joseph A. AUDINO and John Boyajian, Trustee, Defendants.**

**Bankruptcy No. 8000268.**
**AP No. 8000195.**

United States Bankruptcy Court,
D. Rhode Island.

March 23, 1981.

James L. Taft, Taft, McSally & McKenna, Providence, R. I., for plaintiff.

John Boyajian, Boyajian & Coleman, Providence, R. I., trustee.

Russell D. Raskin, Providence, R. I., for debtor.

---

## DECISION DISMISSING DEFENDANTS' TRUTH IN LENDING COUNTERCLAIM AS BARRED BY THE ACT'S STATUTE OF LIMITATIONS

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on General Motors Acceptance Corporation's motion to dismiss the Trustee's counterclaim, which was filed in response to G.M.A.C.'s complaint to reclaim Debtor's automobile. G.M.A.C. commenced this action because of a default by Audino in his installment sales contract. The amount due on the loan is $2,057.25 plus interest and collection expenses. G.M.A.C.'s complaint is in essence a request to lift the automatic stay which arose on April 24, 1980, when the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Reform Act of 1978. 11 U.S.C. § 362.

The Trustee alleges in his counterclaim that the installment sales contract (executed with Fiore Pontiac, Inc., Warwick, Rhode Island, and later assigned to G.M.A.C.), is in violation of the Federal Consumer Credit Protection Act, 15 U.S.C. §§ 1601, et seq. (the Truth in Lending Act) (TILA), and Regulation Z, 12 C.F.R. §§ 226.1, et seq., because "(a) It failed to adequately identify the creditors in the transaction; (b) It failed to adequately disclose the default, delinquency or similar charges payable in the event of late payments;" and (c) It failed to adequately disclose the nature and extent of the security interest. The Trustee demands judgment in the sum of $1,000 plus interest, costs and reasonable attorney's fees.

G.M.A.C. pleads as an affirmative defense that this counterclaim is barred by the one-year statute of limitations for actions based on Truth in Lending Act violations. 15 U.S.C. § 1640(e). The contract in question was executed on June 7, 1977. G.M.A.C. did not file its action until August 25, 1980, more than three years later. It is clear that the truth in lending action would be barred if brought affirmatively and not as a counterclaim.

However, the Trustee argues that this counterclaim is in the nature of recoupment, a defensive use of the Act, and that the counterclaim is timely, despite the one-year limitation, if the main action is timely, as it is here.

I agree with the position taken by G.M.A.C., and the motion to dismiss is granted.

In *Basham v. Finance America Corp.*, 583 F.2d 918 (7th Cir. 1978), *cert. den.*, 439 U.S. 1128, 99 S.Ct. 1046, 59 L.Ed.2d 89 and *cert. den.*, 444 U.S. 825, 100 S.Ct. 47, 62 L.Ed.2d 32 (1979), the Court of Appeals for the Seventh Circuit held that a truth in lending counterclaim to a reclamation complaint is subject to the one-year statute of limitations. As does the Trustee in the case at bar, the debtor in *Basham* argued that his claim was in the nature of recoupment and should be allowed despite the passing of more than one year. Rejecting that argument, the court concluded that in the ab-

sence of a claim of actual damage, such as overpayment, or an allegation that the violations negated the validity of the underlying loan transaction, the Truth in Lending Act counterclaim sought affirmative relief, and was thus barred. *See also, Smith v. No. 2 Galesburg Crown Finance Corp.,* 615 F.2d 407 (7th Cir. 1980).

Not unmindful of holdings to the contrary, *see, e. g., In re Scott,* 5 CCH Consumer Credit Guide ¶ 97,825 (D.Conn.1978), I am in agreement with the reasoning in the *Basham* decision. Although both the reclamation complaint and the Truth in Lending Act counterclaim arise from the same loan, the rights of the parties do not originate from the same source. G.M.A.C.'s remedy arises out of the documents in question, and is determined according to state law, while the Trustee's claim is entirely dependent on a federal statute. Additionally, the factual circumstances upon which recovery for either party hinges are different. *See Whigham v. Beneficial Finance Co. of Fayetteville,* 599 F.2d 1322 (4th Cir. 1979). The complaint for reclamation depends on the debtor's default in payment, while the truth in lending action is predicated on the lender's failure to disclose pertinent information.

The counterclaim, as an independent action, is neither directed to nor is it an answer to the underlying debt. *Basham, supra,* at 928. Supporting this conclusion are those cases holding that a Truth in Lending Act claim and the underlying loan transaction do not arise out of the same "transaction or occurrence," and therefore are not subject to the compulsory counterclaim provision of Rule 13(a) of the Federal Rules of Civil Procedure when the main action is on the underlying debt. *Whigham, supra; Valencia v. Anderson Bros. Ford,* 617 F.2d 1278 (7th Cir. 1980); *Spartan Grain & Mill Co. v. Ayers,* 581 F.2d 419 (5th Cir. 1978), *cert. den.,* 444 U.S. 831, 100 S.Ct. 59, 62 L.Ed.2d 39 (1979); *Fetta v. Sears, Roebuck & Co., Inc.,* 77 F.R.D. 411 (D.R.I.

1977), *Cf., Plant v. Blazer Financial Services, Inc. of Georgia,* 598 F.2d 1357 (5th Cir. 1979) (holding that where a TILA claim was the main cause of action, an action on the underlying debt was a compulsory counterclaim). While recognizing the division of respectable authority on this question, *Basham* gains logical appeal when one considers that to allow a debtor to revive a TILA cause of action merely by not paying the debt, waiting to be sued, and then raising the action as a counterclaim would defeat the very purpose of a statute of limitations.

The result in *Basham* is consistent with the *present* Congressional view of § 1640(e). P.L. 96–221 (1980) amends § 1640(e) to allow a defense by recoupment or set-off even if brought more than one year after the violation occurred. However, this amendment will not become effective until March, 1982.[1] Is the amendment merely explanatory, explicitly restating the initial Congressional intent, or does the amendment add something new to the section? Senate Report 96–368 (1980), U.S.Code Cong. & Admin.News 1980, 834, which accompanied the bill containing this amendment states that

> This section addresses defensive truth in lending claims by consumers in two respects. First, section 130(h) is *amended to state explicitly* that an action under the act by a consumer who is then in default of the underlying obligation is not by itself, a prohibited offset. Also, a *provision is added* permitting actions in recoupment or offset beyond the one-year statute of limitation. *Id.,* at 32 (emphasis added), U.S.Code Cong. & Admin.News 1980, 865.

It is the latter provision with which this Court is presently concerned. Unlike the first part of the amendment which was intended to "state explicitly" what was already implicit, the second provision was "added". This gives force to the inference that the subject matter of the amendment

---

1. "[T]he amendments made by this title shall take effect upon the expiration of two years after the date of enactment of this title." P.L. 96–221, § 625(a); 94 Stat. 185. The date of enactment was March 31, 1980.

was not the law previously.[2] *See also, Smith v. No. 2 Galesburg Crown Finance Corp.*, 615 F.2d 407 (7th Cir. 1980).

The instant decision is not in conflict with *Bull v. United States*, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935), or *United States v. Western Pac. R. Co.*, 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956). In *Bull*, both the primary claim and the recoupment claim were concerned with the construction to be given the Internal Revenue Code. At issue was whether a particular sum of money could be the basis of both income and estate tax, i. e., whether it was both income and corpus. Similarly, in *Western Pac. R. Co.*, both claims arose out of the same facts and involved the same tariff provision. As noted above, the claims of G.M.A.C. and the Trustee have different origins—one contractual and one statutory. The facts relevant to a determination of the respective claims of G.M.A.C. and the Trustee are also distinct. Neither *Bull* nor *Western Pac. R. Co.* is apposite.

As the court stated in *Basham*, "[t]he design of Truth in Lending Act was to provide protection to consumers by affording them meaningful disclosure and thereby an opportunity to shop for credit. It was not designed, nor should it be used to thwart the valid claims of creditors." *Supra*, at 928. Based on the facts in this case, the Trustee's counterclaim is dismissed.[3]

---

**2.** It is, of course, beyond the authority of this court to put the provisions of P.L. 96–221 into effect by judicial decision prior to the effective date chosen by Congress.

**3.** Section 108 of the Code, which allows the tolling of statutes of limitations in favor of the trustee, is inapplicable in this case because the statute of limitations had expired by the time the petition was filed on April 24, 1980.

Similarly, this Court's decision in *Boyajian v. Avco Loan and Investment Co. (In re Brown)*, 4

BCD 240 (1978), is inapplicable. The issue in that case was whether § 108's predecessor, § 11(e) of the Bankruptcy Act, 11 U.S.C. § 29(e) (1976), tolled the running of the one-year Truth in Lending Act statute of limitations in a suit instituted by the trustee, when the bankruptcy petition was filed *within* one year of the violation and the truth in lending action was commenced within two years of the filing of the petition.