In re Edward S. STERN, Bankrupt.

Jason D. MONZACK, Trustee in Bankruptcy for Edward S. Stern, Plaintiff,

v.

INDUSTRIAL NATIONAL BANK, Defendant.

Bankruptcy No. 79–199.

United States Bankruptcy Court, D. Rhode Island.

Nov. 30, 1981.

Richard D. Walton, Hinckley, Allen, Salisbury & Parsons, Providence, R.I., for Industrial National Bank.

Jason D. Monzack, Providence, R.I., Trustee.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The question raised by the Defendant Industrial National Bank's motion to dismiss is whether the Bank's filing a proof of claim confers jurisdiction on the Bankruptcy Court to hear a complaint filed against Industrial by the Trustee under the Federal Consumer Credit Protection Act, 15 U.S.C. §§ 1601, et seq. (1974). (Truth in Lending Act).

Edward Stern filed a voluntary bankruptcy petition on June 27, 1979, and Industrial filed a proof of claim in the sum of $608.41, based on an unsecured installment note signed by the Debtor. On June 25, 1981, the Trustee initiated an adversary proceeding alleging that Industrial violated certain provisions of the Truth in Lending Act in its use of the installment note as a disclosure statement.

■ Because Stern filed his bankruptcy petition prior to October 1, 1979, the provisions of the Bankruptcy Act of 1898 apply. See The Bankruptcy Code of 1978, Pub.L. No. 95–598, § 402(a) (1978). The jurisdiction of bankruptcy courts was narrower under the Bankruptcy Act, 11 U.S.C.A. App. §§ 1 et seq. (1979), than under the 1978 Bankruptcy Reform Act. 11 U.S.C. §§ 101 et seq. (1979). Under the latter, bankruptcy courts are granted "original . . . jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11." 28 U.S.C. § 1471(b) (Supp. 1981). The earlier act, by restricting a bankruptcy court's jurisdiction to "[c]ause the estates of bankrupts to be collected, reduced to money, and distributed, and determine controversies in relation thereto . . . ." 11 U.S.C.A. App. § 11(a)(7) (1979), left the bankruptcy court without summary jurisdiction to enforce a chose in action against the party liable thereon. *Meehan v. Nelsonville Mobile Home Sales (In re Warren)*, 387 F.Supp. 1395, 1400 (S.D.Ohio 1975) (citing cases). The adverse party could, however, consent to such jurisdiction and was deemed to have done so if no objection was interposed. 11 U.S.C.A. App. § 11(a)(7) (1979). The Bank has objected in this proceeding, and therefore, the narrow issue is whether it has consented to jurisdiction merely by filing a proof of claim in the bankruptcy proceeding.

The Bank contends that the filing of its proof of claim does not constitute consent to the Court's jurisdiction over the Truth in Lending action because there is no connection between the proof of claim it filed and the Trustee's Truth in Lending complaint. The Bank also argues that even if the Trustee's complaint is construed as a counterclaim, this still does not confer jurisdiction because the Truth in Lending counterclaim would be merely permissive and not compulsory.

Not surprisingly, the Trustee argues that the filing of the proof of claim constitutes the Bank's consent to jurisdiction over the Truth in Lending action because there is a sufficient nexus between the two claims, and because both claims arose out of the same transaction.

■ For the reasons stated below, this Court holds that under the circumstances of this case the Bank's filing of a claim does not constitute consent to summary jurisdiction, and therefore, the Court does not have subject matter jurisdiction over the Trustee's Truth in Lending action.

The United States Court of Appeals for the Fifth Circuit recently held in *Flournoy v. Ford Motor Credit Co. (In re Bryant)*, 626 F.2d 492 (5th Cir. 1980) (also an Act case) that a creditor who files a proof of claim does not consent to the Bankruptcy Court's jurisdiction over the trustee's Truth in Lending cause of action. The court distinguished *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) where the Supreme Court held that a bankruptcy court did have jurisdiction over a voidable preference claim brought by the trustee against a creditor who had filed a proof of claim. The court in *Bryant* reasoned that an adjudication of the Truth in Lending action was not necessary to determine the allowance or disallowance of the creditor's claim, and that therefore the creditor had not waived his objection to the exercise of summary jurisdiction over the Truth in Lending action.

I agree with the holding of the Fifth Circuit in *Bryant*. The Truth in Lending action involves different facts, defenses and arguments from those relevant to the adjudication of the proof of claim filed by Industrial. A decision against the Bank in the Truth in Lending action would result in a statutory penalty, but would not affect the allowance or disallowance of its claim. See 15 U.S.C. § 1640 (1974). The Supreme Court's decision in *Katchen* is clearly distinguishable, and although that court allowed jurisdiction over a voidable preference action, it did make the observation that

> . . . . our decision is governed by the 'traditional bankruptcy law that he who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide the consequences of that procedure.' (citing cases)

As this is the basis of our decision, we obviously intimate no opinion concerning whether the referee has summary jurisdiction to adjudicate a demand by the trustee for affirmative relief, all of the substantial factual and legal bases for which have not been disposed of in passing on objections to the claim.

382 U.S. at 333, 86 S.Ct. at 474. Other courts have also construed *Katchen* narrowly. See, e. g., *Wetzel v. Eckert (In re Ranchero Motor Inn, Inc.)*, 345 F.Supp. 1117, 1119 (D.Idaho 1972) and *Ritchie v. Heftler Construction Co.*, 367 F.2d 358, 360 (1st Cir. 1966).

The Trustee also argues that the Bank "commenced an action" by filing its proof of claim, and that therefore the Truth in Lending complaint is actually a counterclaim which must be heard by this Court. It is true that courts have analogized a creditor's proof of claim to the institution of a suit with subsequent complaints regarded as counterclaims. See, e. g., *Nortex Trading Corp. v. Newfield*, 311 F.2d 163, 164 (2nd Cir. 1962) and *Inter-State National Bank of Kansas City v. Luther*, 221 F.2d 382, 387 (10th Cir. 1955). A distinction must be drawn here, however, between compulsory and permissive counterclaims.[1] Bankruptcy Courts generally exercise summary jurisdiction over compulsory counterclaims. See, e. g., *Columbia Foundry Co. v. Lochner*, 179 F.2d 630 (4th Cir. 1950); *Liman v. United Kingdom Mutual Steamship Assurance Assoc. (In re Seatrade Corp.)*, 297 F.Supp. 577 (S.D.N.Y.1969); *In the Matter of Business Data Center*, 2 B.C.D. 169 (Bkrtcy.D.N.J.1976). When an action is in the nature of a permissive counterclaim, however, a majority of courts have held

that summary jurisdiction is not conferred. See, e. g., *In re Carnell Construction Corp.*, 424 F.2d 296 (3rd Cir. 1970), *cert. denied*, 400 U.S. 828, 91 S.Ct. 56, ·27 L.Ed.2d 58 (1970); *Gill v. Phillips*, 337 F.2d 258, 264 (5th Cir. 1964); *U. S. v. Kallen (In re Oxford Marketing Ltd.)*, 444 F.Supp. 399 (N.D. Ill.1978); *In re Albert & Maguire Securities Co., Inc.*, 2 B.C.D. 1144 (Bkrtcy.E.D.Pa. 1976). The majority view protects creditors from the exposure to unrelated actions which could inhibit the presentation of rightful claims in bankruptcy proceedings.[2] See, *In re Oxford Marketing Ltd.*, 444 F.Supp. at 402.

In a recent case this court in dicta cited with approval those cases holding that a Truth in Lending claim and the underlying loan transaction do not arise out of the same "transaction or occurrence," and therefore are not subject to the compulsory counterclaim provisions of Rule 13(a) of the Federal Rules of Civil Procedure when the main action is on the underlying debt. *In re Audino*, 10 B.R. 135, 7 B.C.D. 516 (Bkrtcy.D.R.I.1981). Here, the Trustee's Truth in Lending complaint is in the nature of a permissive counterclaim.

The Defendant's Motion to Dismiss is Granted.

---

1. Rule 13 of the Federal Rules of Civil Procedure provides:

   (a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

   (b) Permissive Counterclaims. A pleading may state as a counterclaim any claim

against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim....

2. I am not unmindful of contrary authority favoring the exercise of jurisdiction over all counterclaims in order to reduce multiple litigation, [1976] 2 Collier on Bankruptcy ¶ 23.08, but agree, however, with those courts distinguishing compulsory from permissive counterclaims in determining a claimant's consent to summary jurisdiction.