**In re Marilyn V. REMINGTON, Debtor.**

**No. 81 B 02714 Mc.**

United States Bankruptcy Court,
D. Colorado.

March 3, 1982.

Frederick T. Berhenke, Denver, Colo., for debtor.

William H. Rutter, Denver, Colo., for First National Leasing, Inc.

JOHN F. McGRATH, Bankruptcy Judge.

This matter is before the Court on Motion for Partial Summary Judgment filed by First National Leasing, Inc. (FNL) which claims that Debtor's defenses to Claims No. 2 and No. 3, which arise under the Equal Credit Opportunity Act (ECOA) 15 U.S.C. §§ 1691–1691f, are meritless. FNL has filed two claims against the Debtor's bankruptcy estate arising from her alleged guarantee of four agricultural sprinkling equipment leases.[1] The Debtor has objected to both claims on a number of grounds, including purported violations of the ECOA by FNL. In connection with her objections, the Debtor has served approximately 113 interrogatories on FNL, the last 69 of which attempt to delve into FNL's lending practices over the past five to seven years for information supporting her ECOA claims. FNL seeks relief from having to answer these interrogatories on the grounds that they are burdensome.

The sole question which must be answered before it can be decided whether the Motion for Partial Summary Judgment is appropriate under these circumstances is whether the claim of recoupment, based upon a purported violation of the ECOA, is barred because of the statute of limitations in the ECOA. For the reasons given below, this Court declines to grant Partial Summary Judgment and holds that because the claim of recoupment would not be barred by the statute of limitations in the ECOA, the FNL must respond to Debtor's interrogatories, including interrogatory Nos. 54 through 113, which appear to relate primarily to her ECOA claims. The Debtor should be given the information requested in the interrogatories in order that she might determine whether or not she has been discriminated against, as prohibited by the ECOA and Regulation B, 12 C.F.R. § 207.-

---

1. If these were true leases, they would not be subject to ECOA, according to an unofficial interpretation of Regulation B, 12 C.F.R. § 202.2(j), by Anne Geary, Manager, Equal Credit Opportunity Section of the Federal Reserve Board. However, even though it was argued by the attorney for FNL that these were possibly leases, he has conceded that they are not leases and are governed by ECOA. Further, even if this were still in question, the law appears to be clear that true lease transactions are not covered and a question of fact remains, thus strengthening the Court's determination that this is not a proper case for a grant of summary judgment.

7(d). 15 U.S.C. § 1691(a) of the ECOA defines the prohibited discrimination under ECOA by stating that "(i)t shall be unlawful for any creditor to discriminate against any applicant on the basis of sex or marital status with respect to any aspect of a credit transaction." Section 202.7(d) states that "a creditor shall not require the signature of an applicant's spouse . . . on any credit instrument if the applicant qualifies under the creditor's standards . . ."

As already stated, the question concerning the ECOA statute of limitations is before the Court on a Motion for Partial Summary Judgment. Summary judgment is governed by Rule 56. Fed.R.Civ.P. 56. Rule 56(c) provides that summary judgment can be granted where there is no genuine issue as to any material fact. In *Associated Press v. United States*, 326 U.S. 1, 65 S.Ct. 1416, 89 L.Ed. 2013 (1945), the United States Supreme Court stated that Rule 56 should be cautiously invoked to the end that parties may always be afforded a trial where there is a bona fide dispute of facts between them. Certainly the question in the instant case, regarding whether or not there was a violation of the ECOA so as to provide the Debtor a defense to the claim against her by FNL rises to the level of this test recited by the Supreme Court. The Supreme Court, in *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176, further stated that on summary judgment the inferences to be drawn must be viewed in the light most favorable to the party opposing the motion. Finally, the burden of showing the absence of any genuine issue as to any material fact was on the moving party, FNL. FNL has failed to sustain its burden.

Both parties presented excellent oral arguments and excellent written memoranda to the Court, thus making the Court's decision most difficult. A summary of the pertinent arguments follows.

FNL argues that although the guarantees here may have been taken in violation of Regulation B, which was issued to implement ECOA, there is a two year statute of limitations which long ago expired, as the obligations in question were entered into in the Spring of 1976, and therefore ECOA offers no defense to a guaranty of a loan and any affirmative cause of action is also barred. FNL places reliance on the fact that there has been much litigation under the Truth in Lending Act (TILA) in regard to suits after the limitations period has expired. The Courts are split and some have allowed the suits as proper and some have disallowed them as time barred. To lend further credence to its argument that a suit under the facts of the instant case would be time barred, FNL points to the recent amendments to the TILA which specifically state that affirmative actions must be instituted within one year, but actions in recoupment are not subject to the same limitation. FNL argues that because there is no similar amendment to ECOA, the Debtor has no right to assert her defense.

The Debtor, on the other hand, argues that 15 U.S.C. § 1691e(f) prohibits the bringing of affirmative actions, not the assertion of defenses. In this action Debtor is not seeking punitive damages, attorney's fees, or actual damages, but rather is seeking only recoupment so that she will not be liable to the creditor on her guaranty. Debtor further adds that while the TILA is talking only about disclosure, ECOA, under the facts in the instant case, is talking about something that goes to the heart of the agreement and taints the entire obligation.

The main question which must be decided regarding the Motion for Partial Summary Judgment is the applicability of the two year statute of limitations in 15 U.S.C. § 1691e(f). The statute on its face does not speak to a difference between affirmative actions or defensive actions and the Court was shown no legislative history, nor was any found, which shed any light on the question. The case law, because this is a case of first impression, does not aid the Court much in its analysis either. The closest case which was cited by either FNL or the Debtor is *Community National Bank & Trust Co. of N. Y. v. Emblem Construction Corp.*, which was tendered to the Court in

the form of a New Developments Note from the Consumer Credit Guide, ¶ 97,764, May 16, 1979. While *Community National Bank* did not deal with the statute of limitations question, the note does state that Regulation B is not a defense to loan payment. The facts in *Community National Bank* vary significantly from the facts in the instant case. In *Community National Bank* the Debtor corporation was the primary obligor and in the instant case, the Debtor is the guarantor. The Court further declines to follow the unbinding reasoning of the New York Supreme Court in *Community National Bank* where it says that the ECOA regulations were not intended to be used as a defense to payment on a loan or a guarantee because this does not further the purposes of the Act, which was designed to prevent credit abuses at the time of initial application for credit and in reporting a debtor's credit history. The Court, fully aware that many courts have used similar reasoning to disallow a time barred defense under the TILA, refuses to follow that argument. It is impossible for the Court to see how assessing penalties against an erring creditor could do anything but further the purposes of the Act. In fact, the ECOA has elaborate damages provisions and this would seem to speak to the Congressional belief that one of the best ways to prevent abuse and discrimination by lenders is by hitting them where the impact will be most meaningful: in their pocketbooks. Further, if a debtor is not allowed to use the ECOA defense, there will be little incentive for a creditor to obey the statute's mandates. It is very likely that most debtors will know nothing about the provisions of the ECOA until they consult an attorney after the statute of limitations has passed. If the ECOA cannot be used in a defensive manner, at the minimum, which is what the instant Debtor seeks, the creditor would be wise to take his chances and hope that the Debtor does not become

aware of the violation of his rights until the two year time period has elapsed. Allowing creditors to profit from a violation of the Act simply because two years has gone by rather than the situation set forth in *Community National Bank*, is a situation which will not further the purposes of the Act.

The argument is made by the Debtor that the limitations statute prevents only the affirmative seeking of damages [2] and does not bar a claim in recoupment by the Debtor. Looking at the definition of recoupment lends credence to the Debtor's argument:

> The defense of recoupment, which arises out of the same transaction as the plaintiff's claim, ordinarily survives as long as the cause of action upon the claim continues to exist. Thus, recoupment, being in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded, is never barred by the statute of limitations so long as the main action itself is timely. Stated in another way, the defense of recoupment may be asserted even though the claim as an independent cause of action is barred by limitations.

51 Am.Jur. *Limitation of Actions* § 77 (1970; Supp.1981).

Speaking to the question of recoupment the United States Supreme Court, in *Bull v. United States*, 295 U.S. 247, 55 S.Ct. 695, 700, 79 L.Ed. 1421 (1935), stated:

> If the claim for income tax deficiency had been the subject of a suit, any counter demand for recoupment of the overpayment of estate tax could have been asserted by way of defense and credit obtained, notwithstanding the statute of limitations had barred an independent suit against the government therefor. This is because recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a

---

**2.** For an excellent analysis of damages under the ECOA and for an excellent overall analysis of the Act in general the Court refers the reader to the slip opinion *Anderson v. United Finance Co.*, 9th Cir., 666 F.2d 1274, argued and sub-

mitted October 15, 1981, and decided February 4, 1982, tendered to the Court by the Debtor. This case is an ECOA case which was filed within the two year limitations period.

defense is never barred by the statute of limitations so long as the main action itself is timely.

The Seventh Circuit added to this definition in *Heck v. Rodgers*, 457 F.2d 303, 307 (7th Cir., 1972) by saying that "(i)t is a widely accepted rule that pure defenses are generally not subject to a statute of limitations." The Court of Appeals went on to quote the United States Supreme Court in *United States v. Western Pacific R.R.*, 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126:

> To use the statute of limitations to cut off the consideration of a particular defense in the case is quite foreign to the policy of preventing the commencement of stale litigation. We think it would be incongruous to hold that once a lawsuit is properly before the court, decision must be made without consideration of all the issues in the case and without the benefit of all the applicable law. If this litigation is not stale, then no issue in it can be deemed stale.

*Heck*, at 308.

Thus, even though the decision is hard reached, the Court accepts the Debtor's argument that even though an affirmative action for damages would not be allowed under the ECOA after the limitations period has passed, the Debtor may assert the ECOA in the nature of recoupment.

The final argument, of the Debtor states that because the violation of the ECOA goes to the heart of the agreement, the entire obligation is tainted with illegality. This need not be reached since the Court has given the Debtor relief under her recoupment theory. However, the Court does cite *General Motors Acceptance Corporation v. Audino*, 10 B.R. 135 (Bkrtcy.1981), one of the only bankruptcy cases cited to the Court on the relevant question. *Audino* did not allow the time barred claim under the TILA, but stated that in the absence of an allegation that the violations negated the validity of the underlying loan transaction, the TILA counterclaim sought affirmative relief and was thus barred. Even though this Court does not reach this argument, it does note that this decision seems to find,

by way of negative implication, that even a court which did not allow the recoupment argument might do so under different circumstances. *Accord, Basham v. Finance America Corp.*, 583 F.2d 918, 928 (1978).

Thus, even though this Court makes no determination regarding the Debtor's ultimate chances of proving discrimination against FNL under the ECOA, the Debtor should have the opportunity to obtain the information from FNL which will show whether or not she was, in fact, discriminated against.

WHEREFORE, IT IS ORDERED that the Motion for Partial Summary Judgment is denied, and it is

FURTHER ORDERED that FNL must respond to the Debtor's interrogatories, Nos. 69–113.