## CIRCUIT COURT OF FAIRFAX COUNTY

First American Bank

v.

P. Reed Wills et al.

June 10, 1991

Case Nos. (Law) 101306-101309

By JUDGE JACK B. STEVENS

These matters have been under advisement by the Court to consider the Plaintiff's Motions for Summary Judgment. Although the Defendants have admitted the existence of the notes and guarantees which are the subject of this suit, and additionally have admitted that the notes have not yet been paid, they have opposed the Motions for Summary Judgment on three grounds:

(1) The claims for attorney's fees are unreasonable;

(2) The guarantees executed by the Wills's were not supported by adequate consideration; and

(3) The guarantees required of Mrs. Wills violated the Equal Credit Opportunity Act (hereinafter ECOA).

Although the ECOA defense was initially stricken, the Court has agreed to reconsider the issue.

The Court has considered the arguments of counsel, as well as the cases cited in support thereof, and hereby grants Summary Judgment against Mr. Wills as to liability on the notes but denies Summary Judgment on all other issues because there are disputed issues of material fact as well as insufficient facts in the record to determine whether the attorney's fees sought are reasonable, or

whether Mrs. Wills's guarantees are unenforceable as violative of the ECOA.

## Attorney's Fees

Parties to a note may validly include a provision providing for attorney's fees in the event of default. *Colley v. Summers Parrott Hardware Co.*, 119 Va. 439, 89 S.E. 906 (1916). However, provisions of this nature are always subject to reduction by the Court if the fee is unreasonable or unconscionable. *Triplett v. Second National Bank*, 121 Va. 189, 92 S.E. 897 at 898 (1917). Regardless of the amount stipulated, the holder of a note which provides for and fixes an amount for attorney's fees is only entitled to recover the *reasonable* attorney's fees incurred by him, not to exceed the amount specified in the contract or note. *Cox v. Hagan*, 125 Va. 656, 100 S.E. 666 (1919); *Richardson v. Breeding*, 167 Va. 30, 187 S.E. 454 (1936). In determining the amount to be allowed, a Court should consider the services actually performed by the attorney and the customary charges for those services in the locality. *Cox v. Hagan*, 125 Va. 656, 100 S.E. 666; *Mullins v. Richlands National Bank*, 241 Va. 447 (1991).

In the cases at bar, pursuant to a provision in each of the notes, First American Bank seeks 25% of the unpaid balance on these notes, an amount in excess of half a million dollars ($542,113.03), in attorney's fees for collection on these five notes. The Defendants, as an affirmative defense, have raised an issue as to the appropriateness of an award in this amount, calling it a penalty. While provisions for attorney's fees are permitted in Virginia, overly excessive or unreasonable fees are not, and may constitute an impermissible penalty. Attorney's fees in excess of half a million dollars may indeed be excessive. However, there are not enough facts in the record at this time to determine the reasonableness of the fees sought in this action. Accordingly, Summary Judgment is denied as to this issue.

### Adequacy of Consideration

To be valid, a guaranty must be in writing and supported by adequate consideration. *Patterson v. Shaver*, 165 Va. 298, 182 S.E. 261 (1935). However, in Virginia , in actions at law, a contract under seal is conclusively presumed to be for valuable consideration, with no proof to the contrary to be admitted. *Watkins v. Robertson*, 105 Va. 269, 54 S.E. 33 (1906). This is so, even though the importance of the seal has been greatly diminished throughout the United States. The *Watkins* Court explained:

> In most of the States all distinction between sealed and unsealed instruments is abolished, except so far as the statute of limitations operates to bar a right of action; in others, the only effect of the seal upon executory contracts is to raise a prima facie presumption of consideration . . . *in a very few, the common-law rule is retained, which makes the seal conclusive evidence of consideration.* (Emphasis added.)
>
> *In Virginia* we have no statute abolishing or modifying the *common law rule* as to the effect to be given to the seal upon executory contracts. (Emphasis added.)
>
> In a contract under seal, a valuable consideration *is presumed* from the *solemnity of the instrument*, as a matter of public policy and for the sake of peace, and presumed *conclusively*, no proof to the contrary being admitted either at law or in equity so far as the parties themselves are concerned. (Emphasis in original.)

*Watkins*, 105 Va. 269 at 279, 54 S.E. 33. Virginia courts have modified this rule somewhat to allow contradictory evidence in cases involving fraud, mistake, oppression, unconscionableness, or other matters in equity not between the parties. *Cooper v. Gregory*, 191 Va. 24, 31, 60 S.E.2d 50 (1950); *Watkins*, 105 Va. 269, 54 S.E. 33; *Norris v. Barbour*, 188 Va. 723, 51 S.E.2d 334 (1949). However, neither the Virginia Legislature, nor Virginia courts have gone so far as the Fourth Circuit implies in *Henderson v. U.S.*

*Fidelity and Guar. Co.*, 831 F.2d 519 (4th Cir. 1987), so as to curtail the rule with regard to actions at law between the original parties. Accordingly, in these actions at law, the documents under seal are conclusively presumed to be supported by valuable consideration and no evidence to the contrary may be permitted. Therefore, the Defendant's objections for lack of consideration must fail.

### Equal Credit Opportunity Act

The ECOA makes it unlawful for a creditor to discriminate against any applicant, with respect to any aspect of a credit transaction, on the basis of marital status. 15 U.S.C. § 1691(a)(1). An ECOA issue may arise as an affirmative action for damages, or as a defense in the nature of recoupment. *In re Remington*, 19 B.R. 718, 721 (Bankr. D. Colo. 1982); *Marine American State Bank v. Lincoln*, 433 N.W.2d 709, 712 (Iowa, 1988). The Federal Reserve Board has promulgated regulations aimed at effectuating the goals of the ECOA.

Federal Regulation § 202.7(d)(1) forbids a creditor from requiring the signature of an additional person on a credit instrument *if the applicant alone could meet the creditor's standards of creditworthiness for the amount and terms of the loan requested.* 12 C.F.R. Section 202.7(d)(1). If the personal liability of another party is required to support the extension of credit, a guarantor can be required. The creditor cannot require the applicant's spouse to be that guarantor, 12 C.F.R. § 202.7(d)(5), unless the spouse's signature is necessary, or *reasonably believed by the creditor* to be necessary under the law of the state in which the property is located, in order to make the property being offered as security available to satisfy the debt in the event of default. 12 C.F.R. § 202.7(d)(2) and (4); *U.S. v. Lowry*, 703 F. Supp. 1040 (E.D. N.Y. 1989).

Further, the creditor may not impose requirements on an additional party that may not be imposed on an applicant. 12 C.F.R. § 202.7(d)(6). And the term "applicant" was expanded in 1986 to encompass any person who is or may become contractually liable regarding an extension of credit, and for purposes of § 202.7(d), guarantors, sureties, endorsers and similar parties are included. 12 C.F.R. § 202.2(e).

In the cases at bar, Mrs. Wills seeks to avoid liability on the notes, stating that the guarantees she executed for these notes were obtained in violation of the ECOA. According to her argument, the bank required her to join her husband in guaranteeing these loans, although he, alone, satisfied their standards of creditworthiness. The bank has responded that because of the complexity of the Wills's financial dealings, the volume of debt they had assumed, and Maryland's law allowing a surviving spouse to elect against the will of a deceased spouse, that it was commercially reasonable to require Mrs. Wills's guarantees in addition to her husband's.

Mrs. Wills qualifies as an "aggrieved party" with standing to raise the ECOA issues here because she may become contractually liable regarding these extensions of credit. 12 C.F.R. § 202.2(e); *Marine American State Bank*, 433 N.W.2d 709, 712. Additionally, the ECOA claims have properly been brought in the nature of recoupment. *In re Remington*, 19 B.R. 718, 721; *Marine American State Bank v. Lincoln*, 433 N.W.2d 709. However, there are insufficient undisputed facts in the record at this time for the Court to make a determination on the ECOA issue. Accordingly, Summary Judgment is denied at this juncture.