## CIRCUIT COURT OF FAIRFAX COUNTY

First American Bank

v.

Chad L. MacDonald

March 22, 1993

Case No. (Law) 114640

BY JUDGE ROSEMARIE ANNUNZIATA

On April 27, 1992, Beverly Webb, an officer of First American Bank, confessed judgment on behalf of the plaintiff, against the defendant, Chad L. MacDonald, in the sum of $55,981.23 principal, plus interest, late charges in the sum of $2,833.33, and attorneys' fees in the sum of $13,995.31. The note upon which the judgment was based provided for attorneys' fees, in the event of a default, in an amount of the greater of $100.00 or twenty-five percent of the unpaid balance of the note. The parties stipulated that Beverly Webb was not an attorney-at-law and that at the time he obtained the underlying judgment, the bank had incurred no attorneys' fees.

MacDonald moved this Court to set aside, reduce, or modify the confessed judgment pursuant to § 8.01–432 of the Code of Virginia (1950 as amended). On June 26, 1992, this Court granted MacDonald's motion, in part, and ordered a trial on the issue of the attorneys' fees and the late charges.

At the trial of this matter on February 18, 1993, the bank introduced the note into evidence, through its witness, Robert C. Hughlett, and over MacDonald's objections. Thereafter, Hughlett testified that the bank had incurred attorneys' fees with regard to this note. On cross-examination, Hughlett admitted that $3,361.00 in attorneys' fees had been incurred to date and that all of the fees were incurred subsequent

to the entry of the underlying judgment. The fees were incurred by the bank on an hourly basis. Further collection proceedings were planned, but no evidence was presented regarding the nature and expected costs of such proceedings.

Defendant first raises a procedural bar to the award of attorneys' fees in this case, contending that attorneys' fees may not be awarded in conjunction with a confession of judgment because Va. Code § 8.01–432 only provides for a confession of judgment for principal and interest. Thus, defendant argues that the attorneys' fees, which "derive" from the confession of judgment, may not be awarded in this proceeding.

I find that the issue of attorneys' fees is properly before the court since, by statute, when a confessed judgment is set aside or modified, the matter must be set on the trial docket of the court and heard "as if an action at law had been instituted upon the . . . note . . . ." Va. Code § 8.01–433; *see, Spady v. Farmers & Merchant Bank*, 168 Va. 143, 156 (1937). Here, that portion of the confession of judgment relating to attorneys' fees and costs was specifically set aside and the matter set down for hearing.

With respect to the substantive issue before the Court, defendant contends that, notwithstanding the amount fixed in the note, the plaintiff in this case is only entitled to reasonable attorneys' fees, not to exceed the amount specified, citing *First American Bank v. Wells*, 25 Va. Cir. 91, 92 (1991). The principle of law advanced by defendant as controlling in this case is long-established. While a provision in a note to pay an attorney's fee incurred in collecting the note is binding on the parties to the note, the court has the power to reduce the amount if found to be unreasonable or unconscionable. *Richardson v. Breeding*, 167 Va. 30, 33 (1930); *Cox v. Hagan*, 125 Va. 656, 679 (1919); *Triplatt v. Second National Bank*, 121 Va. 189, 193 (1917).

The fee stipulated by contract is *prima facie* reasonable, however, and should be paid unless excessive or unreasonable. *Conway v American National Bank*, 146 Va. 357, 364–65 (1926); *Parksley Nat. Bank v. Accomac Banking Co., Inc.*, 166 Va. 459, 462 (1930). Thus, the burden is on the defendant to prove that the plaintiff did not incur the amount expressed in the agreement or that the fee agreed upon was excessive or unreasonable. *Conway v. American National Bank*, 146 Va. at *id.*

In this case, the evidence established that the attorney's fees incurred to collect the note at the time of the hearing total $3,361.00 and

that plaintiff had retained its attorney on an hourly basis. The evidence also established that the note to date has not been collected and that additional attorney's services will be required. The Court may properly consider the need for future collection efforts by an attorney in determining a proper fee award. *See, Mullins v. Richland National Bank*, 241 Va. 447, 449 (1991). A number of factors may be considered by the Court in making this determination, including the nature of the services at issue and the time to be expended. *Id.* No evidence on these issues was presented.

In the present case, the defendant failed to present sufficient evidence to contravene the presumption of reasonableness which attaches to the percentage fixed for attorney's fees in the note to cover the attorney's fees incurred and anticipated. Accordingly, plaintiff will be awarded attorney's fees in the amount of 25% of the unpaid balance of the note. Late charges in the amount of $2,833.33 are also awarded as they are clearly provided for by the terms of the note.