## CIRCUIT COURT OF THE CITY OF RICHMOND

Builders Supply Co.
of Hopewell, Inc.

v.

Frances B. Brown etc. et al.

August 7, 1991

Case No. LS-3392-1

By JUDGE MELVIN R. HUGHES, JR.

Defendants' Summary Judgment motion argued on July 31, 1991, raises the question of whether the statute of limitation of five years concerning injury to property under § 8.01-243(B) or a one-year limitation under Section 8.01-248, the so-called catch-all statute of limitations, applies to this case. Plaintiff's Motion for Judgment asserts a claim for money damages against the present and former clerk of the Circuit Court of Colonial Heights for failing to follow procedures on a confessed judgment resulting in a loss of the judgment.

The following are the facts mentioned in the pleadings or given in interrogatories and which for purposes here are taken as true. On June 17, 1987, Frances B. Brown, the former clerk, through one of the deputy clerks employed at the time, served on Marvin and Nancy Joyner an Order of Confessed Judgment in favor of plaintiff for the total sum of $14,239.54, including principal, attorney fees and costs. The Motion for Judgment says that Brown "negligently failed to attach a copy of § 8.01-433 . . . to the confessed judgment order as required by § 8.01-438 . . . ." Thereafter, in November, 1987, the Joyners filed

bankruptcy and obtained a discharge of all unsecured debts. Prior to the bankruptcy discharge, relying on the confessed judgment order, plaintiff had placed a lien on the Joyners' real property. In February, 1989, plaintiff brought a creditor's suit in the Circuit Court of Chesterfield County to enforce the confessed judgment lien on the real estate to satisfy the judgment. The Joyners defended the suit claiming that the service of confessed judgment on them was improper because a notice setting forth the provisions of § 8.01-433 was not attached to it as required by law. The Court agreed and by order entered on or about March 28, 1990, declared the confessed judgment order void. Plaintiff claims that as a direct result of Brown's negligence, plaintiff incurred the loss of the amount the judgment covered, $14,239.59.[1]

This action was filed on September 28, 1990. During argument, counsel for plaintiff argued that the five year statute of limitations set out in § 8.01-243(B) applies on the theory that Brown caused the deficient service on June 17, 1987, and that the property injured is the judgment itself. Section 8.01-438 governing service of confessed judgments provides:

> If a judgment is confessed by an attorney-in-fact, it shall be the duty of the clerk within ten days for the entry thereof to cause to be served upon the judgment debtor a certified copy of the order as entered in the common-law order book, to which shall be appended a notice setting forth the provisions of Section 8.01-433 . . . .

Section 8.01-438 further provides that "[t]he failure to serve a copy of such order within sixty days of the date of entry thereof shall render such judgment void as to any debtor not so served." Section 8.01-433 provides for the procedures to set aside or reduce a confessed

---

[1] The pleadings do not state any facts against the present Clerk, Stacy L. Stafford. When the motion was argued, counsel for plaintiff stated Stafford was made a party because this suit is against the office and Stafford is presently the Clerk and because the person or persons who caused the deficient notice to be served may still be employed now under Stafford.

judgment. The Court finds that, according to the procedures, on June 17, 1987, when Brown caused the notice of confessed judgment to be served without the required § 8.01-433 appended to it, the judgment was void then, the damage done, the cause of action accrued, and the statute of limitation began to run. Accordingly, the question is, as plaintiff contends, whether this is a case of injury to plaintiff's property, the judgment itself, so that the claim is not time-barred. The Court finds that this is not such a case but rather one where defendants' negligence is directed to personal rights as opposed to property rights.[2]

For an injury to property, within the meaning of Section 8.01-243, the injury must be direct and immediate and not based upon personal financial damage. *J. F. Toner & Son v. Staunton Production Credit Ass'n*, 237 Va. 155 (1989); *Brown v. American Broadcasting Co., Inc.*, 704 F.2d 1296 (4th Cir. 1983). To say that plaintiff's loss of its judgment by confession amounted to an injury to property would mean that the embodiment of its former chose in action merged to judgment suffered an injury itself. Rather than the judgment sustaining an injury to itself, plaintiff's rights in it and the claim it embodied were loss or diminished, things personal to plaintiff which are not injury to property. While plaintiff's action here is not one sounding in fraud, a personal action, as was found in *Toner* and in *Piggott v. Moran*, 221 Va. 76 (1986), if there was a breach of duty resulting in damages those damages affect underlying personal claims not property injury which claims plaintiff could still pursue within the remaining applicable period of limitation. Thus the applicable statute of limitations, is that under Section 8.01-248 defining a one-year statute of limitation, as defendant contends.

---

[2] The Court further finds that as to Stafford, there are no allegations made against her and any claim against her fails also on this additional ground.