**FEDERAL DEPOSIT INSURANCE CORP.**

v.

**Steve NOTIS.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 8, 1992.
Decided Feb. 12, 1992.

John G. Connor, Thomas Cox, Friedman & Babcock, Portland, for plaintiff.

Richard W. Mulhern, Kelly, Remmel & Zimmerman, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Justice.

Defendant Steve Notis appeals from a judgment of foreclosure entered in the Superior Court (Cumberland County, *Brodrick, J.*) as a result of plaintiff Maine National Bank's[1] motion for summary judgment. Defendant argues that his affirmative defense alleging the Bank's violation of the Equal Credit Opportunity Act (ECOA), 15 U.S.C. §§ 1691–1691f (1982 & Supp.1991), constituted a genuine issue of material fact precluding summary judgment. We agree, and vacate the judgment.

In 1987 Steve Notis, his wife, Irene, and a third party executed a promissory note in the amount of $350,000 payable to Maine National Bank, and secured by real proper-

ty in Portland. In 1990 the Bank instituted a foreclosure action. Defendant raised as an affirmative defense the Bank's violation of the ECOA, which prohibits discriminatory lending practices. Specifically, defendant alleged that the Bank illegally required his wife's signature on the promissory note although she was not an applicant for the loan.[2] Plaintiff concedes for the purposes of appeal that defendant raised a material issue of fact as to whether an ECOA violation occurred, but argues that summary judgment was nonetheless proper because such a violation is not a valid defense to the foreclosure action. According to plaintiff, the defense fails because defendant did not sufficiently plead recoupment nor allege damages as required by the ECOA, the defense is barred by the two-year statute of limitations, and the defense cannot be used against the FDIC.

*Recoupment.*

Recoupment must be pleaded affirmatively, and if it is not raised it is ordinarily deemed waived. *See Inness v. Methot Buick–Opel, Inc.,* 506 A.2d 212, 217 (Me.1986). An affirmative defense, however, may be adequately pleaded even though the "specific words" are not used. *See Graffam v. Geronda,* 304 A.2d 76, 79 (Me.1973). Thus, if plaintiff had notice that defendant was relying on recoupment, the affirmative defense will be allowed. *Id.* at 78.

Here, defendant's answer alleged that the ECOA violation barred the Bank's action. Any claim for set-off or reduction arose out of this violation, and had this action been fully tried, it is clear that plaintiff could not have objected to recoupment on the basis of lack of notice. The court

---

1. The original plaintiff, Maine National Bank, was declared insolvent by the Comptroller of the Currency. FDIC, receiver for Maine National Bank, established as a bridge bank "New Maine National Bank," which was substituted as a plaintiff prior to the Superior Court's judgment. After appeal, FDIC as receiver of the bridge bank was substituted as plaintiff.

2. The implementing regulations for the ECOA are contained in Regulation B, 12 C.F.R.

§§ 202.1–202.14 (1991). Section 202.7(d)(1) provides, in pertinent part:

> [A] creditor shall not require the signature of an applicant's spouse or other person, other than a joint applicant, on any credit instrument if the applicant qualifies under the creditor's standards of creditworthiness for the amount and terms of the credit requested.

should have found that the defendant sufficiently set forth the basis for recoupment and was not required to allege specific damages. Thus the unresolved recoupment claim cannot be avoided on the basis of a failure in pleading.

### Statute of limitations.

 The ECOA establishes a two-year period of limitations within which to bring an action under the Act, commencing on the date of the occurrence of the violation. 15 U.S.C. § 1691e(f) (1982). Defendant correctly maintains that although an affirmative action under the Act would be time-barred, his defense in the nature of recoupment is not. *See In re Remington*, 19 B.R. 718 (D.Colo.1982); *Marine American State Bank v. Lincoln*, 433 N.W.2d 709 (Iowa 1988) (ECOA limitations period not applicable to claims for recoupment). *Cf.* 14 M.R.S.A. § 865 (1980) (state limitations periods do not apply to counterclaims arising out of transaction or occurrence that is subject of plaintiff's claim to the extent of plaintiff's demand). As stated in Field, McKusick & Wroth, *Maine Civil Practice* (2d ed. 1970),

> The principal justification for excluding recoupment from the bar of the statute of limitations is that, although recoupment is cast in terms of monetary reduction or offset of plaintiff's claim, it is basically "a doctrine of an intrinsically defensive nature founded upon an equitable reason, inhering in the same transaction, why the plaintiff's claim in equity and good conscience should be reduced."

*Id.* § 13.8a (quoting *Pennsylvania R. Co. v. Miller*, 124 F.2d 160, 162 (5th Cir.1941)). The policy underlying statutes of limitations, that of preventing undue delay and stale claims, is not promoted by suppressing a valid defense arising out of the transaction at issue. We agree with defendant that the two-year statute of limitations does not apply to his defense of recoupment.

### Availability of defense against FDIC.

 FDIC, substituted as the plaintiff after appeal, raises an additional issue: whether on remand the ECOA violation can be asserted against the FDIC. FDIC argues that the defense will be unavailable because of (1) the *D'Oench, Duhme* doctrine, *see D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942) (defense based on an agreement likely to mislead banking regulators cannot be used against FDIC), (2) 12 U.S.C. §§ 1821(n)(4)(I) & 1823(e) (1989) (a partial codification of *D'Oench, Duhme*), or (3) the federal holder in due course doctrine. Although we cannot address all of these arguments because of the need for further factual development in the Superior Court, in the interest of judicial economy, we reject, as a matter of law, FDIC's characterization of the ECOA violation as an "agreement likely to mislead regulators" under 12 U.S.C. §§ 1821 and 1823. Although in *Langley v. Federal Deposit Ins. Corp.*, 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987), the Supreme Court broadened the definition of "agreement" to include unwritten and unrecorded conditions on payment of the note,[3] the ECOA violation is not an "unrecorded condition" of the note.

The entry is:

Summary judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

**3.** "[O]ne who signs a facially unqualified note subject to an unwritten and unrecorded condition upon its repayment has lent himself to a scheme or arrangement likely to mislead banking authorities, whether the condition consists of performance of a counterpromise (as in *D'Oench, Duhme*) or of the truthfulness of a warranted fact." *Langley v. Federal Deposit Ins. Corp.*, 484 U.S. at 93, 108 S.Ct. at 402.