## CIRCUIT COURT OF FAIRFAX COUNTY

First American Bank

v.

Russell McCarty
and Sharon McCarty

October 7, 1992

Case No. (Law) 115977

BY JUDGE ROSEMARIE ANNUNZIATA

This matter is before the Court on defendants' motion to set aside a confessed judgment; defendants are husband and wife, Russell and Sharon McCarty. Defendant Russell McCarty was formerly the president and one of two shareholders of the McCarty Electric Company. During Mr. McCarty's tenure as president, McCarty Electric executed several loan agreements with the plaintiff, First American Bank. Mr. McCarty and his wife signed a Continuing Guaranty dated April 29, 1987, guaranteeing all present and future debts of McCarty Electric to the plaintiff, First American Bank.

Prior to the full satisfaction of the various loans made by plaintiff to McCarty Electric, Russell McCarty resigned his post as president, and his stock was fully redeemed. Subsequent to Mr. McCarty's departure, McCarty Electric defaulted on the loans made by the plaintiff bank. On June 12, 1992, confessed judgment was entered against defendants in the Fairfax County Circuit Court. For the reasons set forth below, defendants' motion to set aside the confessed judgment is granted.

Under § 8.01–433 of the Virginia Code, a confessed judgment may be set aside where a defendant can raise "any ground which would have been an adequate defense or set off in an action at law instituted

upon the creditor's note, bond or other evidence of debt upon which such judgment was confessed." The decisive issue is whether defendants have raised an "adequate defense" to the enforcement of the underlying debt. *See, Uniform Consumer Credit Code - A Prospect for Consumer Credit Reform in Virginia,* 28 W. & L. L. Rev. 75, 94 (1971) (debtor is allowed a hearing on the matter [of the confessed judgment] if he raises timely defenses after the judgment is docketed); *Harris & Harris v. Tabler,* 232 Va. 75 (1986) (confessed judgment properly set aside where defendants raise applicable statute of limitations and failure of plaintiff to follow proper procedures for obtaining confessed judgment); *Pate v. Southern Bank & Trust Co.,* 214 Va. 596 (1974) (set aside of confessed judgment proper where fraud alleged); *Joyner v. Graybeal,* 204 Va. 543 (1963) (set aside of confessed judgment proper where defendant alleged plaintiff's impairment of defendant's security, which if true would release defendant's liability); *Builders Supply Co. v. Brown,* 24 Va. Cir. 369, 370 (1991) (set aside proper where statutory requirements for obtaining confessed judgment not followed).

In accordance with the language of Virginia Code § 8.01–433, the validity and effectiveness of the alleged defenses are not before the Court on the motion to set aside the confessed judgment where the defenses are properly pleaded. Rather, a trial on the merits to resolve the factual issues raised by the asserted defense is anticipated. *See, Pate,* at 599 (court did not rule on the ultimate validity of defense raised but remanded case for hearing on the merits having found defendant's allegations of fraud constituted an adequate defense).

In support of their motion to set aside the confessed judgment, defendants have alleged several grounds of defense, namely, that service of the confessed judgment was not timely, that the debt was cancelled, that plaintiff's collection efforts exceeded the parties' agreement. At the hearing of this matter, each of these allegations were found not to constitute an adequate defense to the confessed judgment. Defendants' final allegation that the plaintiff bank violated the Federal Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECOA") by requiring Sharon McCarty to sign the Continuing Guaranty dated April 29, 1987, is the only issue remaining for disposition by this Court. Defendants assert that Mrs. McCarty had no interest in McCarty Electric, that the plaintiff bank did not rely on Mrs. McCarty's financial creditworthiness in granting the loans to McCarty Electric, and that the bank never requested nor received

financial statements from her in connection with the Continuing Guaranty. Defendants argue that the plaintiff required Mrs. McCarty's endorsement of the Continuing Guaranty solely on the basis of her marital status as Mr. McCarty's wife in violation of the provisions of the Equal Credit Opportunity Act and that this violation constitutes an adequate defense under Va. Code § 8.01–433. I concur in this conclusion.

The ECOA prohibits discrimination "with respect to any aspect of [a] credit transaction." 15 U.S.C. § 1691(a). The ECOA encompasses discrimination resulting in the denial of credit as well as the extension of credit which is made in violation of the provisions of the ECOA. *See, Douglas County National Bank v. Pfeiff*, 809 P.2d 1100, 1104 (Colo. App. 1991) (ECOA also prohibits extensions of credit based on unwarranted signatures). Plaintiff concedes that the ECOA may be used defensively but argues that the defendants are not within the class protected by the ECOA and that this defense is thus not available to them. This argument is without merit.

Defendants specifically cite Regulation B of the ECOA, 12 C.F.R. 202.1 *et seq.*, as a basis for their defense to plaintiff's judgment on the debt. Regulation B of the ECOA prohibits creditors from requiring the signature of a credit applicant's spouse where the applicant is individually creditworthy and where the spouse is not a joint applicant to the credit transaction. 12 C.F.R. § 202.7(d)(1). This prohibition applies both to guarantors of a loan, as is the case here, and to other signatories on creditor applications. Official Staff Commentaries, 12 C.F.R. pt. 202, supp. I, 202.7(d)(6)(1); *see also, Pfeiff*, at 1103 (Colo. App. 1991); *In re Remington*, 19 B.R. 718, 719 (D. Colo. 1982). It also applies to commercial extensions of credit, which is the nature of the credit extended here. 15 U.S.C. § 1691(a) (1988); 12 C.F.R. § 202.2(g) (1990); *Pfeiff*, at 1103. Indeed, by way of example, the Official Staff Commentaries point out that, under Regulation B, where "all officers of a closely held corporation are required to personally guarantee a corporate loan, the creditor may not automatically require that spouses of named officers also sign." Official Staff Commentaries, 12 C.F.R. pt. 202, supp. I, § 202.7(d)(6)(1). The defendants are thus clearly within the class of applicants protected by the ECOA.

As noted above, violations of Regulation B, specifically, and the ECOA, generally, can be raised defensively to attack claims based on debt. *See gen., Pfeiff*, at 1104 (requirement of wife's signature on

business debt guaranteed by husband, where unwarranted, is a valid affirmative defense); *In re Remington*, at 719–720 (Held that although ECOA "on its face does not speak to a difference between affirmative actions or defensive actions" the extensive damages provisions reveal a policy favoring the use of the ECOA defensively as an effective means for inducing "a creditor to obey the statute's mandates"); *see also, Federal Deposit Ins. Co. v. Notis*, 602 A.2d 1164 (Me. 1992); and *Marine American State Bank v. Lincoln*, 433 N.W.2d 709 (1988). There are some limitations to its use, however.

The jurisdictions which recognize the defensive use of the ECOA have identified two bases for relying on the Act to defend against an action on a debt. First, the ECOA may be raised affirmatively by way of a set-off or counterclaim. *In re Remington*, at 719–720; *Lincoln*, at 712; *Pfeiff*, at 1104 (Court found ECOA properly raised as affirmative defense and counterclaim). However, any affirmative use of the ECOA by a defendant will be subject to the two-year statute of limitations for the ECOA. 15 U.S.C. § 1691e(f); *Lincoln*, at 712; *Notis*, at 1166; *In re Remington*, at 720.

The second basis for raising the ECOA defensively is by way of the common law defense of recoupment. *In re Remington*, at 718; *Lincoln*, at 712; *Notis*, at 1166. This defense is recognized under Virginia law. *National Bank and Trust Co. v. Castle*, 196 Va. 686, 695 (1955). The defense of recoupment is analogous to set off, but "arises out of the same transaction as the plaintiff's claim, [and] ordinarily survives as long as the cause of action upon the claim continues to exist." *In re Remington*, at 720. The defense of recoupment raised by the ECOA is thus not barred by the two year statute of limitations for the ECOA. *Lincoln*, at 712; *Notis*, at 1166; *In re Remington*, at 720.

In the present case, plaintiff correctly argues that any affirmative use of the ECOA is precluded as the statute of limitations for bringing such action has passed. An affirmative cause of action under the ECOA accrues upon the discriminative act, which in this case is the act of requiring Mrs. McCarty's signature on a credit transaction in violation of Regulation B. *Lincoln*, at 712; *In re Remington*, at 719. Here, the Continuing Guaranty was signed by Sharon McCarty on April 29, 1982, more than three years ago. Thus, the two-year statute of limitations for an affirmative defense based exclusively on the ECOA has expired.

Plaintiff additionally correctly argues that the common law defense of recoupment is unavailable to defendants because this de-

fense may not be raised against sealed documents. *Household Bank, F.S.B. v. Carlton*, ____ F. Supp. ____ (E.D. Va. July 10, 1992) (No. 3:91CV 697); *Reid v. Reid*, 12 Va. App. 1218, 1225 (1991); *City of Richmond v. C. & P. Telephone Co.*, 205 Va. 919, 925 (1965). An instrument which refers to words of sealing in its body, such as "as witness our hands and seal," and where the word "seal" also follows the maker's signature, is considered a validly sealed instrument in Virginia. *Burnette v. Young*, 107 Va. 184, 191 (1907); *Lewis v. Overby*, 69 Va. (28 Gratt.) 627, 628 (1877). The Continuing Guaranty signed by defendants on April 28, 1987, is a validly sealed instrument under Virginia law, making the common law defense of recoupment inapplicable.

Notwithstanding the unavailability of the ECOA violation as a defense on the above-stated basis, there appears to be a third analytical basis for its use as a defense, namely, the ineffectiveness of a contract based on an act forbidden by statute.

I note, first, that the principle that a contract in violation of statute is void has not yet been expressly articulated as a basis for raising violations of the ECOA as a defense to an action on a debt. *But see, In re Remington*, at 721 (Court acknowledges defendant's theory that the credit agreement is void because it was based on a violation of a statute but declines to rule on the merits of this defense, having found the defense of recoupment applicable). However, the principle is well accepted in Virginia. *See, Bowen Electric Co. v. Foley*, 194 Va. 92, 100 (1952); *Blick v. Marks, Stokes & Harrison*, 234 Va. 60, 64 (1987) (a contract based on the violation of a statute is void unless such avoidance is contrary to the clear legislative policy of the statute). This rule is particularly favored where the statute is intended to protect the public, as is the case here. *American-LaFrance v. Arlington County*, 169 Va. 1, 8 (1937); *Foley*, at 100.

In my judgment, it is upon this third basis that the ECOA violation may be raised as a defense in this case. However, it may be raised only with respect to the confessed judgment entered against Mrs. McCarty. Under Virginia law, where both valid and invalid consideration support separate and several parts of a contract, the invalid portion shall be deemed void while the valid portion may be given full effect. *Kemper v. Kemper*, 24 Va. (3 Rand.) 8, 12 (1825); *Bristol v. Dominion National Bank*, 153 Va. 71, 84 (1929). Here, the Guaranty signed by Mr. McCarty is not violative of the ECOA and may be given full effect, no other defenses applicable to him having been raised.

Accordingly, the confessed judgment is hereby set aside with respect to defendant Sharon McCarty and is upheld with respect to defendant Russell McCarty, and the case is remanded for trial on the remaining issues.