## CIRCUIT COURT OF LOUDOUN COUNTY

NationsBank of Virginia, N.A.

v.

Ad Barnes, Trustee, et al.

January 19, 1994

Case No. (Law) 14449

By Judge Thomas D. Horne

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment. Defendants have filed a Grounds of Defense, asserting certain affirmative defenses to liability. Plaintiff argues that it is entitled to partial summary judgment. As discussed more fully below, Plaintiff's motion will be granted in part and denied in part. The Court will address Defendants' affirmative defenses as they relate to each note specifically and to both notes in general.

### I. Count I — The 1989 Note

The following facts are undisputed with respect to the 1989 Note, which is the subject of count I of the Motion for Judgment. Defendant Ad Barnes, Trustee, executed a Deed of Trust Note to Sovran Bank, N.A., on March 24, 1989, in the principal amount of $1,600,000.00. Plaintiff NationsBank is the successor by merger to Sovran and is now the holder of this Note. The Note requires the payment of monthly installments of principal and interest and further provides that Nations-Bank is entitled to collect all expenses, including court costs and attorney's fees, incurred in the enforcement of its rights. Defendants Ad Barnes and Elaine Barnes endorsed the 1989 Note as guarantors. NationsBank has made demand on Defendants for the full repayment of this Note.

Defendants have denied that there has been default on the 1989 Note, and thus this question is still in issue. In addition, the reasonableness of the attorney's fees and costs is still in dispute. Thus, summary judgment cannot be granted on these two issues concerning the 1989 Note.

Defendants have asserted as an affirmative defense to Count I that they are entitled to an offset pursuant to Virginia Code § 11–11 due to the release from liability of two other guarantors to the 1989 Note. Section 11–11 states that when a compromise has been made, the "obligation shall be credited with a full share of the party released . . . ." Plaintiff asserts that Defendants waived the benefit of § 11–11 when they agreed to the terms of the Note which stated in part that "their liability hereunder shall not be affected or impaired by the release or discharge of any other party from liability . . . ."

It is the Court's opinion that the language of the 1989 Note is unambiguous and clearly constitutes a waiver of any rights Defendants may have been entitled to under § 11–11. Thus, Defendants cannot avail themselves of this defense to reduce their liability under this note.

## II. *Count II — The 1991 Note*

The following facts are undisputed with respect to the 1991 Note, which is the subject of count II of the Motion for Judgment. Defendants Ad Barnes, Trustee, Ad Barnes, and Elaine Barnes executed a Grid Note to Sovran Bank, N.A., on August 27, 1991, in the principal amount of $200,000.00. Plaintiff NationsBank is the successor by merger to Sovran and is now the holder of this Note. Under the terms of the Note, Plaintiff is entitled to collect all expenses, including court costs and attorney's fees, incurred in the enforcement of its rights under the Note. By letter dated February 17, 1993, NationsBank made demand on the 1991 Note.

The factual question still in dispute concerning the 1991 Note is whether it is a demand note. Plaintiff argues that the language of the note is unambiguous and is clearly a demand note. Defendants argue that the detailed enumeration of events constituting default is inconsistent with a demand note. Thus, a standard of good faith must be applied before a demand for accelerated repayment can be made.

Virginia Code § 8.1–203 establishes a general duty of good faith in every contract governed by the Commercial Code. Under any contract

providing for accelerated payment at will, § 8.1–208 states that the option is to be exercised only in the good faith belief that the prospect of payment or performance is impaired. However, the Official Comment to this Section indicates that it is *not* applicable to a demand instrument.

Virginia Code § 8.3A–108(a) states that a note is payable "on demand" if it says it is payable on demand or states no time for payment. In this case, the 1991 Grid Note is a standard form with different forms of repayment set out on the first page. The box marked payable "on demand" has been checked in this instance. There is no time set for repayment, only a provision requiring monthly payments of interest.

It is the Court's opinion that the 1991 Note is unambiguous and is clearly a demand note. Thus, Plaintiff is under no obligation to show good faith before requesting payment on the note. Since demand has been made by Plaintiff, Defendants are liable. Thus, Plaintiff is entitled to summary judgment on the issue of liability under the 1991 Note. As the question of the reasonableness of the attorney's fees and costs under the 1991 Note is still in dispute, summary judgment cannot be granted on this issue.

### III. *Defendants' Other Affirmative Defenses As To Both Notes*

### A. *Violation of the Fair Debt Collection Practices Act (FDCPA)*

Defendants argue that a waiver of the Poor Debtor's Exemption constitutes a violation of the FDCPA (15 U.S.C. § 1692 *et seq.*). However, as Plaintiff claims in its motion, the FDCPA only applies to consumer loans. 15 U.S.C. § 1692a(5). Thus, it would not be applicable in this commercial loan situation to challenge liability under the Notes.

While the Notes contained a general waiver of all exemptions, Defendants may still be entitled to the Poor Debtor's Exemption under Virginia Code § 34–22. However, this is an issue concerning the amount which may eventually be recovered by Plaintiff and does not negate Defendants' liability under the notes.

### B. *Violation of the Equal Credit Opportunity Act (ECOA)*

Defendants do not assert a violation of the ECOA as a complete defense to liability on the Notes. Instead, they argue that Mrs. Barnes should be allowed to reduce any amount she may be held liable for to Plaintiff by any amount she can prove as damages owed to her by

Plaintiff as a result of a violation of the ECOA. Defendants' counsel asserted at oral argument that its position is based on statutory recoupment under Virginia Code § 8.01–422.

As Defendants' argument is based on statutory recoupment, its claim is not barred simply on the basis that a sealed instrument is involved. *Dexter Portland Cement Co. v. Acme Supply Co.*, 147 Va. 758 (1926) (statutory recoupment may be used even though Plaintiff's action is on a sealed instrument). Defendants' claim also is not barred by the Statute of Limitations. *City of Richmond, supra* ("A defense of recoupment is not barred by the statute of limitations so long as the main action out of which the claim arose is timely.").

The defense of recoupment in the context of a violation of the ECOA has been accepted by other courts. *CMF Virginia Land, L.P. v. Brinson*, (E.D. Va. November 9, 1992, C.A. No. 92–275) ("The defendants' ECOA claim cannot, as a matter of law, render their debt void, but still allows them the opportunity at trial to prove the alleged violation and their entitlement to recoupment damages."); *American Security Bank, N.A. v. York*, (D.D.C. September 1, 1992, 1992 WL 237375) ("at a minimum, assertion of an ECOA defense has been found to support an award of damages in the nature of recoupment if a violation of the statute is established . . . ."); *Federal Deposit Insurance Co. v. Notis*, 602 A.2d 1164 (Me. 1992) (defense in nature of recoupment is valid under ECOA); *Marine Amer. State Bank v. Lincoln*, 433 N.W.2d 709 (Iowa 1988) (debtor may assert ECOA claim in nature of recoupment). *See First American Bank v. McCarty*, 29 Va. Cir. 182 (1992) (a violation of the ECOA can be raised defensively by way of recoupment).

Defendants' assertion of a right to recoupment of damages for violation of the ECOA is supported by the case law. Thus, Defendants will be entitled to present evidence on this issue at trial.

## Conclusion

The Court will grant partial summary judgment in favor of Plaintiff on Count I on all issues except occurrence of default, the amount owed and the amount of attorney's fees and costs. As to Count II, the Court will grant partial summary judgment in favor of Plaintiff on all issues except the amount owed and the amount of attorney's fees and costs.