**PNC BANK, DELAWARE, Plaintiff,**

v.

**Dawson B. TURNER and Joanne Turner, Defendants.**

**Civ. A. No. 90C–08–254.**

Superior Court of Delaware,
New Castle County.

Submitted: Feb. 14, 1995.
Decided: Feb. 28, 1995.

Jeffrey S. Welch, David A. White, Carl N. Kunz, III, Murphy Welch & Spadaro, Wilmington, for plaintiff.

Joseph D. Kulesza, Jr., Joseph W. Benson, P.A., Wilmington, for defendant, Joanne Turner.

## OPINION

QUILLEN, Judge.

This is a Motion to Dismiss and/or for Partial Summary Judgment by plaintiff, PNC Bank, Delaware, f/k/a Bank of Delaware ("plaintiff"), with respect to a counterclaim asserted by the defendant, Joanne Turner ("Turner") alleging a violation of the

Equal Credit Opportunity Act 15 U.S.C.A. §§ 1691a–1691f (West 1982) ("ECOA").

### FACTS

On April 29, 1990, plaintiff instituted this action against defendants alleging default on the payment of certain notes allegedly executed by defendants. Plaintiff alleges that the three notes which are the subject of this action were executed on the following dates: note one on December 18, 1985; note two on September 17, 1986; and note three on April 25, 1989. Turner alleges that the only reason she was required to sign the notes in question was because she was married at that time to defendant Dawson B. Turner. Turner further alleges that the requirement of having her sign the notes in this case, based simply on her marital status, constituted a violation of the ECOA. On November 29, 1990, Turner filed an answer which did not contain a counterclaim. During the course of this action, plaintiff has amended its complaint three times: May 3, 1991; June 17, 1994; and December 16, 1994. Turner filed an answer to the first amended complaint on May 31, 1994, to the second amended complaint and an affidavit pursuant to 10 *Del.C.* § 3901 on July 12, 1994 which Turner subsequently amended on November 4, 1994, and to the third amended complaint on January 17, 1995.

On July 27, 1994, plaintiff filed a motion for summary judgment and entry of default judgment against Turner for failure of her answer to comply with the requirements of 10 *Del.C.* § 3901. After a hearing on plaintiff's motion, the Court allowed Turner to amend her affidavit of defense. The plaintiff renewed its motion for summary judgment and entry of default judgment on the grounds that Turner's affidavit of defense was still deficient under 10 *Del.C.* § 3901. On October 25, 1994, based on plaintiff's motions, the Court ordered Turner to file an appropriate affidavit of defense and answer pursuant to 10 *Del.C.* § 3901 in order to avoid the entry of default judgment.

In the answer to the second amended complaint filed on July 12, 1994, Turner asserted for the first time an affirmative defense based on the ECOA. In the amended an-

swer to the second amended complaint filed on November 4, 1994, Turner asserted for the first time a counterclaim[1] based upon the ECOA pursuant to which Turner sought a monetary award. Turner realleged the counterclaim based on the ECOA in her answer to the third amended complaint on January 17, 1995.

The plaintiff filed the present Motion to Dismiss and/or for Summary Judgment with Respect to the Counterclaim on January 25, 1995 and the motion was heard by the Court on February 14, 1995. The plaintiff asserts that the counterclaim should be dismissed because Turner never obtained leave of the Court to file a counterclaim as required by Superior Court Civil Rules 13 and 15, and that the counterclaim was frivolous and lacked good faith on the part of Turner and her counsel. Alternately, the plaintiff asserts that Turner's counterclaim is barred by the two year statute of limitations expressed in § 1691e(f) of the ECOA. As stated above, the notes at issue in this case were executed between 1985 and 1989 yet Turner did not assert an affirmative counterclaim based on the ECOA until November 4, 1994. The plaintiff argues that it would be unduly prejudicial now to permit Turner to introduce a counterclaim nearly five years after this action was commenced and nearly six years after the execution of the last note at issue here.

### DISCUSSION

■ The statute of limitations under § 1691e(f) is two years from the date of the occurrence of the violation. The occurrence of the violation which triggers the running of the limitations period under the ECOA occurs upon the signing of a note. *Riggs Nat. Bank v. Webster*, 832 F.Supp. 147, 151 (D.Md.1993); *Stern v. Espirito Santo Bank*, 791 F.Supp. 865, 868 (S.D.Fla.1992). Also, in general, a cause of action accrues with the occurrence of the wrongful act. *Kaufman v. C.L. McCabe & Sons, Inc.*, Del.Supr., 603 A.2d 831, 834 (1992).

At the hearing regarding plaintiff's Motion to Dismiss and/or for Partial Summary Judgment on February 20, 1995, counsel for plaintiff and counsel for Turner agreed that any affirmative counterclaims under the ECOA by Turner based on the first two notes are time barred. The first two notes at issue in this case were executed in 1985 and 1986, more than two years before the commencement of this action on April 29, 1990. Thus, even if Turner's counterclaim related back to the original filing date pursuant to Superior Court Civil Rule 15(c), claims related to the first two notes would still be time barred. Therefore, plaintiff is entitled to dismissal of any part of Turner's counterclaim which is based on the first two notes executed in 1985 and 1986.

The execution of the third note on April 25, 1989, however, occurred within two years of the commencement of this action on April 29, 1990 and would not have been time barred if pleaded initially by Turner. Pursuant to the Court's order of October 25, 1994, Turner was permitted to amend her answer to the second amended complaint and present an affidavit of defense in order to avoid default judgment. Turner did not obtain leave of the Court, however, to assert a counterclaim in the amended answer to the second amended complaint.

■ Under Superior Court Civil Rule 13(a), Turner was required to state compulsory counterclaims in her initial answer. *Falcon Steel Co., Inc. v. HCB Contractors*, Del.Super., C.A. No. 89C–JL–214, 1991 WL 166120 Taylor, J. (July 31, 1991). Omitted or later counterclaims may be filed upon leave of the Court under Rule 13(f) if a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice so requires. *Id.* Therefore, since Turner failed to set up a counterclaim in her initial answer, she was required to obtain leave of the Court to set up the counterclaim by amendment. Turner has failed to seek leave of the Court, however, and plaintiff's motion should be granted on that basis alone.

---

1. The counterclaim would encompass the affir- mative defense of recoupment.

■ At this point in the present case, the Court would not favorably receive a motion by Turner to assert a counterclaim which was available to her at the commencement of this action. In order to allege a counterclaim for the first time several years after the commencement of an action, as with any motion to amend a pleading, Turner must initially proceed under paragraph (a) of Superior Court Civil Rule 15. *Annone v. Kawasaki Motor Corp.,* Del.Supr., 316 A.2d 209, 210 (1974). An order permitting or refusing an amendment to a pleading is committed to the sound discretion of the trial court. *Mergenthaler, Inc. v. Jefferson,* Del.Supr., 332 A.2d 396, 398 (1975). A trial judge in his discretion must permit or deny an amendment by weighing the desirability of ending the litigation on its merits against possible prejudice or surprise to the other side. *Bellanca Corp. v. Bellanca,* 53 Del. 378, 169 A.2d 620, 622 (1961).

■ In this case, Turner's counterclaim is an independent action which is not dependent upon the plaintiff's claim. In other words, Turner was not required to rely on the commencement of an action by plaintiff in order to initiate an action of her own. Since Turner has failed to tender any reasonable explanation why she failed to assert an affirmative claim under the ECOA for nearly six years, an inexcusable delay and particularly so given the chronological context of this litigation, the balancing here clearly favors the plaintiff. The Court will grant plaintiff's motion as it relates to dismissing Turner's counterclaim.

■ As discussed above, Turner would require leave of the Court under Rule 15(a) in order to add a counterclaim or to assert an affirmative defense which was available at the time of response to plaintiff's initial pleading. *See Rowley v. McMillan,* 502 F.2d 1326, 1333 (4th Cir.1974). In contrast to the dismissal of Turner's counterclaim, however, the Court would favorably receive a motion by Turner to plead an affirmative defense based on the ECOA. Although an affirmative action is time barred under the ECOA by the two year statute of limitations, the defendant may still assert recoupment as an

affirmative defense. *Fed. Deposit Ins. Corp. v. Notis,* 602 A.2d 1164, 1166 (Me.1992); *Marine American State Bank v. Lincoln,* 433 N.W.2d 709, 712 (Iowa 1988); *cf. Riggs,* 832 F.Supp. at 151 n. 5 (disagreeing with the analysis in *Notis* and suggesting that the two year statute of limitations of the ECOA would bar a claim in the nature of a recoupment defense). The Court finds that *Notis* is persuasive because a plea of recoupment is not generally barred by a statute of limitations. *Wells v. Rockefeller,* 728 F.2d 209, 213 (3d Cir.1984), *cert. denied,* 471 U.S. 1107, 105 S.Ct. 2343, 85 L.Ed.2d 858 (1985); *Del. Chem., Inc. v. Reichhold Chem., Inc.,* 35 Del.Ch. 493, 121 A.2d 913, 918 (1956); *Household Fin. Corp. v. Hobbs,* Del.Super., 387 A.2d 198, 199–200 (1978). Similarly, the United States Supreme Court has held that a recoupment defense is not barred by the statute of limitations so long as the main action itself is timely. *United States v. Dalm,* 494 U.S. 596, 605, 110 S.Ct. 1361, 1367, 108 L.Ed.2d 548 (1990) (citing *Bull v. United States,* 295 U.S. 247, 262, 55 S.Ct. 695, 700–701, 79 L.Ed. 1421 (1935)).

The Court notes that the underlying policy of the statute of limitations is not promoted by suppressing a valid defense arising out of a transaction. *Delaware Chem., Inc.,* 121 A.2d at 918; *Notis,* 602 A.2d at 1166. The purpose of statutes of limitation is to bar actions and not to deny matters of defense. As a general rule, such statutes are not applicable to defenses, but only where affirmative relief is sought. *Id.* It would therefore be appropriate for Turner to plead her claims under the ECOA defensively whether or not they would be barred if pleaded affirmatively. Under Superior Court Civil Rule 15(a), the Court may permit a party to amend a pleading when justice so requires. In this case, justice requires that Turner should have the opportunity to assert an affirmative defense based on the ECOA. Turner has in essence already alleged such an affirmative defense since it is included within the counterclaim. But so the record

is clear, that claim should be stated expressly and limited to an affirmative defense.

For the reasons stated above, plaintiff's Motion to Dismiss the counterclaim is GRANTED. IT IS SO ORDERED. However, Turner may seek leave to amend so as to assert an affirmative defense based on the ECOA.