STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKETS NO. CV-01-481 &
CV-01-524
RAC - CUM - 9/23/2002

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

SEP 23 2002

RECEIVED

MARCIA A. FRANCOEUR,

     Plaintiff

v.

BRADLEY C. McCURTAIN,

     Defendant

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

OCT 4 2002

On July 2, 2002, pursuant to M.R.Civ.P. 42(a), this court orally granted the Plaintiff's motion to consolidate her two complaints, dockets number CV-01-481 and CV-01-524. This court granted the motion because the two actions involved the same parties, the same question of law, and similar facts. In addition, this court also denied both of the Plaintiff's motions for summary judgment pursuant to M.R.Civ.P. 56(c). This court will summarize the reasons for its latter decision below.

The Law Court has stated that it no longer considers summary judgment an extreme remedy. Curtis v. Porter, 2001 ME 158, ¶7, 784 A.2d 18, 22. However, it is important to note that "[w]hen facts or reasonable inferences are in dispute on a material point, summary judgment will not be entered." Id. Moreover, this court will view the evidence in a light most favorable to the Defendant, who is the non-moving party. See Mundaca Inv. Corp. v. Emery, 674 A.2d 923, 925 (Me. 1996).

The facts can be stated most simply as follows. The Defendant was the sole trustee of two trusts. The Plaintiff was a beneficiary of those trusts. The Plaintiff claims that she requested from the Defendant an accounting of the administration of those trusts, which she has not received. The Defendant claims that he has given a proper accounting. The problem is essentially one of semantics.

An article of one of the trusts required that the trustee render an annual account of the trust to its beneficiaries. Maine's Probate Code also requires that "[t]he trustee shall keep the beneficiaries of the trust reasonably informed of the trust and its administration." 18-A M.R.S.A. 7-303 (2001). Furthermore, "[u]pon reasonable request, a beneficiary is entitled to a statement of the accounts of the trust annually and on termination of the trust or change of the trustee." 18-A M.R.S.A. 7-303(c) (2001). The article in the trust and the abovementioned statute are unhelpful insofar as they do not define the terms "annual account of the trust" or "a statement of the accounts of the trust." *Id.* Moreover, Maine case law does not provide a functional definition.

The Uniform Probate Code Comment concerning 18-A M.R.S.A. § 7-303 is more helpful, stating that:

This section requires that a reasonable selection of beneficiaries is entitled to information [regarding a trust] so that the interests of the future beneficiaries may adequately be protected. [F]urther information may be obtained by the beneficiary upon request. This is to avoid extensive mandatory formal accounts and yet provide the beneficiary with adequate protection and sources of information. In most instances, the trustee will

2

provide beneficiaries with copies of annual tax returns or tax statements that must be filed. Usually this will be accompanied by a narrative explanation by the trustee.

L.D. 1 , § 7-303, p. 238 (109th Legis. 1979).

The question is whether the statements of material fact show that there is no genuine issue that the Defendant failed to provide an accounting of the trusts to the Plaintiff so that she is entitled to a judgment as a matter of law. A review of the Defendant's statements of material fact reveals that the Defendant has provided the Plaintiff with extensive information concerning the assets in both trusts. For example, the Defendant's statements of material fact show that the Defendant has provided the Plaintiff's attorney with all of the tax returns filed for both trusts. Consequently, a genuine issue exists as to a material fact, precluding summary judgment for the Plaintiff.

Wherefore this court shall affirm the motions it orally granted and denied on July 2, 2002.

Dated: September 23, 2002

Roland A. Cole
Justice, Superior Court

3

Date Filed ____08-27-01____ ____Cumberland____  Docket No. ____CV01-481____
                                        County

                                            CONSOLIDATED WITH CV 01-524
Action _____REMOVAL FROM PROBATE COURT-TRUST FUND    FILE ALL FURTHER PLEADINGS IN
                                            CV01-481


MARCIA A. FRANCOEUR
STACEY O. WARD                              BRADLEY C. MCCURTAIN


                                    vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| David Hunt, Esq. 773-5100<br>511 Congress Street<br>Portland, Maine 04101 | William Robitzek, Esq. 784-3576<br>P.O. Box 961<br>Lewiston ME 04243<br><br>Jeffrey Rosenblatt Esq. |

Date of
Entry

Date Filed ___08-27-01___ ___CUMBERLAND___
County

Action ___REMOVAL FROM PROBATE COURT-TRUST FUND

Docket No. ___CV01-524___

CONSOLIDATED WITH CV01-481
FILE ALL FURTHER PLEADINGS
IN CV 01-481

MARCIA A. FRANCOEUR

BRADLEY C. MCCURTAIN

vs.

Plaintiff's Attorney

David Hunt, Esq. 773-5100
511 Congress Street
Portland, Maine 04101

Defendant's Attorney

William Robitzek Esq. 784-3576
PO Box 961
Lewiston ME 04243

Jeffrey Rosenblatt Esq.

Date of
Entry