# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR KENT COUNTY

|  |  |  |
|---|---|---|
| JP MORGAN CHASE NATIONAL BANK, | : | C.A. No: K13L-01-002 TBD |
|  | : |  |
| **Plaintiff,** | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| DONNA M. SMITH, | : |  |
|  | : |  |
| **Defendant.** | : |  |

Submitted: March 20, 2015
Decided: March 25, 2015

***Upon Consideration of Plaintiff's
Motion to Dismiss Defendant's "Counterclaim"
GRANTED***

## ORDER

Daniel T. Conway, Esquire, Atlantic Law Group, LLC, Georgetown, Delaware for Plaintiff.

Donna Smith, *pro se*.

Young, J.

## DECISION

JP Morgan Chase, N.A. ("Plaintiff") moves to dismiss Donna M. Smith's ("Defendant") eleventh hour filing entitled "Counterclaim." Plaintiff argues that Defendant's pleading is deficient and untimely. As Plaintiff's Motion to Dismiss Defendant's "Counterclaim" is well-taken, it is **GRANTED**.

Plaintiff, the holder of Defendant's mortgage on property located at 16 Anne Gillis Lane in Smyrna, Delaware ("Property"), filed the present action on January 7, 2013. Plaintiff's Complaint alleged that Defendant had defaulted on the mortgage. For two years following the filing of the Complaint, Defendant took no action with respect to the lawsuit pending against her. As a result, on September 27, 2013, Plaintiff moved for entry of default judgment. This Court entered such judgment on October 1, 2013. Plaintiff then filed a writ of levari facias, on January 8, 2015, to expose the Property to Sheriff's Sale. This Court issued said writ on January 15, 2015.

With the matter all but concluded, Defendant, in an apparent last ditch effort, filed papers entitled "Counterclaim." It is wholly incomprehensible. Defendant cites a myriad of sources, ranging from the Uniform Commercial Code to the Bible, but, despite these authorities, conveys very little. As per Plaintiff, the Counterclaim appears to be a demand for documents. Even that is questionable. Plaintiff's citation to previous case law of this Court is well-taken:

> Pleading deficiencies that warrant dismissal include (1) confused and rambling narrative of charges and conclusions; (2) untidy assortment of cliams that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments; and (3) failing to allege with even modest particularity the dates

and places of alleged transactions.[1]

Aside from warranting dismissal due to the confused nature of Defendant's pleading, Plaintiff is also correct in asserting that Defendant's Counterclaim is untimely. To begin, Defendant never filed an answer or any other responsive pleading to Plaintiff's Complaint. Superior Court Civil Rule 12(a) is explicit in its requirement that an answer is to be filed with 20 days of service of the complaint.[2] Plaintiff's Complaint was filed and served in 2013, *two years prior* to Defendant's first filing in this case. Moreover, Delaware case law is clear in its requirement that "leave of the Court under Rule 15(a) [must be had] in order to add a counterclaim...which was available at the time of response to plaintiff's initial pleading."[3] Defendant, again, failed to follow any required protocol.

Defendant's Counterclaim is both deficient and untimely. Thus, Plaintiff's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED**.

/s/ Robert B. Young
J.

RBY/lmc
oc: Prothonotary
cc: Counsel
Ms. Donna Smith
Opinion Distribution

---

[1] *US Bank N.A. v. Coppedge, et al.*, C.A. No. K11L-02-042 RBY (Del. Super. Ct. Sept. 15, 2011) (internal quotations omitted).

[2] Super. Ct. Civ. R. 12 (a) (stating in relevant part, "[a] defendant shall serve an answer within 20 days after service of process, complaint and affidavit....").

[3] *PNC Bank v. Turner*, 659 A.2d 222, 225 (Del. Super. Ct. 1995).